BARNARD MANUFACTURING CO, INC v
GATES PERFORMANCE ENGINEERING, INC

Docket No. 286003. Submitted June 9, 2009, at Lansing. Decided August
    18, 2009, at 9:05 a.m.

    Barnard Manufacturing Co., Inc., brought an action in the Clinton
    Circuit Court against Gates Performance Engineering, Inc. (Per-
    formance Engineering), and Greg N. Gates (Gates), seeking to
    recover money for parts and services provided to the defendants.
    The defendants filed counterclaims against the plaintiff and third-
    party claims against third-party defendant Gary W. Barnard, the
    president of Barnard Manufacturing. Barnard Manufacturing
    moved for summary disposition regarding its claims and the claims
    brought by Performance Engineering and Gates. The court, Randy
    L. Tahvonen, J., granted Barnard Manufacturing's motion and
    thereafter denied Gates and Performance Engineering's motions
    for reconsideration, a stay, to amend the judgment, and for
    additional findings. Performance Engineering and Gates appealed.

    The Court of Appeals *held*:

    1. The appeal was timely filed under MCR 7.204(A)(1)(b)
    because the motions for relief from the order granting summary
    disposition were filed within 21 days of that order and the appeal
    was filed within 21 days of the denial of the final motion for relief.

    2. Barnard Manufacturing's motion for summary disposition
    was sufficiently particular to put Gates and Performance Engi-
    neering on notice that they needed to respond to Barnard Manu-
    facturing's claim that there was no genuine issue of fact regarding
    Barnard Manufacturing's claims of breach of contract and account
    stated. Barnard Manufacturing's submissions also adequately
    supported its motion with regard to its claims of breach of contract
    and account stated. The trial court properly considered the in-
    voices submitted by Barnard Manufacturing. As long as there was
    a plausible basis for the admission of the invoices, Barnard
    Manufacturing did not have to lay a foundation for the admission
    of the invoices in order for the trial court to consider them on a
    motion for summary disposition.

    3. Once Barnard Manufacturing made a properly supported
    motion for summary disposition under MCR 2.116(C)(10), the

burden shifted to Gates and Performance Engineering to establish that a genuine issue of disputed fact existed with regard to Barnard Manufacturing's claims. Gates and Performance Engineering failed to meet their burden of proof.

4. The trial court did not have a duty under MCR 2.116(G)(5) to independently consider all the evidence contained in the record before granting the motion for summary disposition. Gates and Performance Engineering had the burden of identifying the evidence in the record that would show that there was a genuine issue for trial. They failed to meet this burden. The trial court did not err by granting summary disposition and did not abuse its discretion by denying the motion to amend the judgment.

Affirmed.

MOTIONS AND ORDERS — SUMMARY DISPOSITION — BURDEN OF PROOF.

Once a party makes a properly supported motion for summary disposition under MCR 2.116(C)(10), the opposing party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in the court rules, set forth specific facts showing that there is a genuine issue of material fact for trial; the trial court does not have a duty to independently consider all the evidence in the record before granting the motion; the burden of identifying the issues and the evidentiary support is on the parties, not the trial court (MCR 2.116[G][3], [4], and [5]).

*Clark Hill PLC* (by *Matthew T. Smith, Cynthia M. Filipovich,* and *T. Blair Renfro*) for Barnard Manufacturing Co., Inc.

*Lovejoy Law Offices, P.C.* (by *Fred C. Lovejoy*), for Gates Performance Engineering, Inc., and Greg N. Gates.

Before: ZAHRA, P.J., and WHITBECK and M. J. KELLY, JJ.

M. J. KELLY, J.   In this commercial dispute, defendants/counter-plaintiffs/third-party plaintiffs, Gates Performance Engineering, Inc. (Performance Engineering), and Greg N. Gates (Gates), appeal as of right the trial court's order of March 28, 2008. In its

order, the trial court granted summary disposition in favor of plaintiff/counter-defendant, Barnard Manufacturing Co., Inc. (Barnard Manufacturing), on its claim that Performance Engineering and Gates were liable for parts and services in the amount of $123,120.62. The trial court also dismissed Performance Engineering and Gates's counterclaims and third-party claims. On appeal, we must determine whether the trial court properly considered only the facts brought to its attention by the parties on the motion for summary disposition or whether the trial court had an independent duty to examine the entire record for facts that might establish grounds for denying Barnard Manufacturing's motion. We conclude that the trial court did not have an independent duty to examine the entire record for facts that might warrant denying the motion. Because the trial court properly granted summary disposition on the basis of the facts set forth by the parties and because there were no errors warranting relief, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

At his deposition, Gates testified that he is the sole shareholder and president of Performance Engineering, which he operates out of his garage. Gates stated that the majority of his work with Performance Engineering involves designing and manufacturing high performance motorcycle engines. However, he also stated that he does some repair work and has rebuilt motorcycle engines. Gates said that the majority of Performance Engineering's income was from the sale of motorcycle components and engines.

Gates testified that he previously worked for General Motors and that after 10 years he accepted a buyout. Gates said that when he accepted his buyout he was working as the leader of a design team. Although his primary duty was to ensure the quality of the designs produced by his team, Gates also did some design work.

Gates testified that he knew of Barnard Manufacturing, but did not have dealings with that company before being approached by Gary Mauer about a possible business deal with Mauer and Gary Barnard (Barnard). Gates stated that Mauer and Barnard came to his home and proposed that Gates join them to form a partnership that would manufacture motorcycle parts. Gates testified that they then began to meet regularly at one of Barnard Manufacturing's plants. Gates stated that Barnard did not, however, make the proposal on behalf of Barnard Manufacturing, but that it "was a personal thing." Gates testified that Mauer and Barnard wanted him for his design expertise. Gates said that the meetings usually involved discussions about the design and manufacture of motorcycle parts. Eventually, it was decided that the business venture would be called Evil Engineering. Gates stated that he contributed designs for various motorcycle parts that were to be sold by Evil Engineering. The parts included an oil filter, an oil filter cooler, and a belt drive system. Gates testified that he even designed the Evil Engineering logo featured on some of the parts. Gates testified that, at some point, he decided not to participate further in Evil Engineering.

Barnard testified at his deposition that he was the president of Barnard Manufacturing and that he also worked for Evil Engineering, LLC, which he stated was solely owned by Barnard Manufacturing. Barnard said that Mauer introduced him to Gates in 2003 or 2004 and that Gates approached him about manufacturing parts for Performance Engineering. Barnard admitted that he, Mauer, and Gates did discuss forming a business and had several meetings after hours at a Barnard Manufacturing facility. Barnard stated that the discussions involved producing parts for Performance Engineering, as well as what the proposed company—Evil Engineering—would do and some discussion of partici-

pating in trade shows. Barnard admitted that they intended to have Barnard Manufacturing make some of the parts for Evil Engineering. Barnard Manufacturing apparently formed Evil Engineering in 2005.

Although Barnard testified that Gates ordered a variety of parts and services from Barnard Manufacturing, he admitted that Barnard Manufacturing did not prepare invoices with regard to the parts or services or otherwise send a bill to Gates. Barnard explained that he discussed billing with Gates and agreed not to bill Gates until Performance Engineering started to generate sales. Barnard stated that he assumed that Barnard Manufacturing eventually sent Gates an invoice, but that he did not know for sure.

Gates testified that he never requested any work from Barnard Manufacturing, but that Barnard and Mauer requested designs for use with Evil Engineering. Gates also testified that Barnard volunteered to supply him with some parts. However, Gates admitted that he did request a price quote on some parts, but stated that he later rejected the quote as too high. Gates testified that Barnard Manufacturing never requested payment for any part or service.

On December 15, 2006, Barnard Manufacturing sued Gates and Performance Engineering to recover $123,120.62 for services and parts allegedly sold to Gates and his business. Barnard Manufacturing alleged that Gates and Performance Engineering were responsible for the services and parts under a variety of theories: breach of contract, account stated, quantum meruit, and conversion. Barnard Manufacturing attached a series of invoices to the complaint, which purported to describe the services performed and parts manufactured for Gates and Performance Engineering. Barnard Manufacturing also attached an affidavit in

which the affiant, who was apparently one of Barnard Manufacturing's attorneys, averred that the invoices correctly stated the amount due.

In February 2007, the trial court entered a default against Gates and Performance Engineering, but the trial court vacated the default in April 2007. Gates and Performance Engineering eventually filed counterclaims against Barnard Manufacturing and third-party claims against Barnard. Gates and Performance Engineering alleged that Barnard Manufacturing and Barnard interfered with a business relationship, misappropriated Gates's designs, made fraudulent misrepresentations, and breached a contract for the provision of services to Barnard Manufacturing and Barnard. Gates and Performance Engineering also alleged theories of recovery based on "cover" and quantum meruit.

In March 2008, Barnard Manufacturing moved for summary disposition in its favor with regard to its own claims and the claims raised by Gates and Performance Engineering under MCR 2.116(C)(10). On March 28, 2008, the trial court granted Barnard Manufacturing's motion. The trial court denied Gates and Performance Engineering's motion for reconsideration on April 16, 2008. Gates and Performance Engineering then filed a motion to stay, amend the judgment, and for additional findings on April 18, 2008. The trial court denied that motion on May 30, 2008. This appeal followed.

## II. JURISDICTION

### A. STANDARD OF REVIEW

As a preliminary matter, we shall address Barnard Manufacturing's contention that this appeal is untimely because it was not filed within 21 days of the trial court's April 16, 2008, order. This Court reviews de

novo questions of jurisdiction. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

### B. APPEAL AS OF RIGHT

This Court generally has jurisdiction to hear appeals as of right that are filed within 21 days of a final order or judgment. MCR 7.204(A)(1)(a). However, if a party files a motion for a new trial, a motion for rehearing or reconsideration, or a motion "for other relief from the order or judgment" within 21 days of the final order or judgment, the appeal may be filed within 21 days of the order deciding that motion. MCR 7.204(A)(1)(b). Nothing in the court rules precludes a party from filing multiple postjudgment motions within this 21-day period. In their motion filed on April 18, 2008, which was within 21 days of the trial court's final order in this case, Gates and Performance Engineering requested forms of relief from the final order or judgment. Hence, they had 21 days from the date of the order denying that motion to file their appeal. *Id.* The trial court denied Gates and Performance Engineering's second motion on May 30, 2008, and Gates and Performance Engineering filed their appeal as of right on June 16, 2008. Because Gates and Performance Engineering filed their appeal within 21 days of the trial court's denial of the second motion, the claim was timely. See MCR 7.204(A)(1)(b).

### III. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

On appeal, Gates and Performance Engineering challenge whether the trial court properly granted summary disposition in favor of Barnard Manufacturing on Barnard Manufacturing's claims against Gates and

Performance Engineering under MCR 2.116(C)(10).[1]
This Court reviews de novo whether a trial court
properly granted a motion for summary disposition.
*Johnson Family Ltd Partnership v White Pine Wireless,
LLC*, 281 Mich App 364, 371; 761 NW2d 353 (2008).
This Court also reviews de novo the proper interpreta-
tion of court rules. *Estes*, 481 Mich at 578-579.

### B. BARNARD MANUFACTURING'S MOTION
### FOR SUMMARY DISPOSITION

Gates and Performance Engineering first argue that
the trial court should not have granted Barnard Manu-
facturing's motion with regard to Barnard Manufactur-
ing's claims because Barnard Manufacturing failed to
properly identify its own claims in its motion for sum-
mary disposition and failed to properly support its
motion with admissible evidence.

Under MCR 2.116(C)(10), a party may be entitled to
summary disposition if, "[e]xcept as to the amount of
damages, there is no genuine issue as to any material
fact . . . ." When making a motion under MCR
2.116(C)(10), the moving party must "specifically iden-
tify the issues as to which the moving party believes
there is no genuine issue as to any material fact." MCR
2.116(G)(4). The level of specificity required under
MCR 2.116(G)(4) is that which would place the non-
moving party on notice of the need to respond to the
motion made under MCR 2.116(C)(10). *Quinto v Cross
& Peters Co*, 451 Mich 358, 370; 547 NW2d 314 (1996).
Further, the moving party must support its motion with
affidavits, depositions, admissions, or other documen-
tary evidence in support of the grounds asserted. MCR

---

[1] For that reason, we express no opinion about the propriety of the trial
court's decision to dismiss Gates and Performance Engineering's coun-
terclaims and third-party claims.

2.116(G)(3). If the moving party properly supports its motion, the burden "then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto*, 451 Mich at 362. If the moving party fails to properly support its motion for summary disposition, the nonmoving party has no duty to respond and the trial court should deny the motion. MCR 2.116(G)(4); see also *Meyer v Center Line*, 242 Mich App 560, 575; 619 NW2d 182 (2000) (concluding that the trial court erred when it granted an improperly supported motion for summary disposition under MCR 2.116[C][10]).

In its March 10, 2008, motion for summary disposition, Barnard Manufacturing argued that Gates and Performance Engineering's counterclaims and third-party claims should be dismissed on a variety of grounds. In addition, Barnard Manufacturing argued that there was no genuine issue of material fact regarding its own claims against Gates and Performance Engineering:

> Lastly, there is no genuine issue of material fact that [Gates and Performance Engineering] supplied drawings and other specifications to [Barnard Engineering's] employees with the understanding that [Barnard Engineering] would convert those drawings and specifications into manufactured goods and parts to be incorporated into high-end custom motorcycles. There is further no genuine issue of material fact that [Gates and Performance Engineering] received the [Barnard Manufacturing] produced manufactured goods and parts and neither paid for nor returned them. Additionally, [Gates and Performance Engineering] used and continue to use the very parts that [Gates and Performance Engineering] claim they did not receive. [Gates and Performance Engineering] are using the same parts that they claim they did not order and receive in their advertising. Thus, there is no genuine issue of material fact that [Gates and Performance Engineering] are liable to [Barnard Manufacturing] for the amount as

stated on account, for the breach of contract, and or for the enrichment they unjustly received.

Notwithstanding the fact that Barnard Manufacturing failed to address its own claims under a separate heading and section, this language clearly put Gates and Performance Engineering on notice that they needed to respond to Barnard Manufacturing's claim that there was no genuine issue of fact regarding its claims of breach of contract and account stated.[2] Hence, Barnard Manufacturing moved for summary disposition with sufficient particularity. See MCR 2.116(G)(4); *Quinto*, 451 Mich at 370.

Although the evidentiary support could have been better organized and presented, Barnard Manufacturing's submissions also adequately supported its motion under MCR 2.116(C)(10) with regard to its claims of breach of contract and account stated. Throughout its brief in support of its motion for summary disposition, Barnard Manufacturing repeatedly argued that it provided services to and supplied Gates and Performance Engineering with parts for which Barnard Manufacturing had not received any compensation. It supported this contention with an affidavit by Barnard. In his affidavit, Barnard averred that he was the president of Barnard Manufacturing and that neither he, in his individual capacity, nor Barnard Manufacturing "ever used any design, product or part belonging to Gates" and never "contracted with Gates or requested Gates to provide designs, goods or services to myself or to [Barnard Manufacturing.]" He also averred that "it was

---

[2] Although Barnard Manufacturing also referred to "enrichment" that was "unjust," it did not allege a claim for unjust enrichment in its complaint. Rather, its remaining claims were for conversion and quantum meruit. However, Barnard Manufacturing did not apparently move for summary disposition of its claims based on quantum meruit or conversion. Hence, these claims are not at issue.

[Barnard Manufacturing] that provided goods, labor and services for the design and manufacturing of parts for Gates and for which Gates has not paid for or returned but continues to use for Gates' own personal gain." Further, Barnard Manufacturing submitted several e-mails in which Gates appears to discuss design requirements for the manufacture of parts with persons at Barnard Manufacturing. Barnard Manufacturing also submitted invoices that purported to detail the services performed and parts sold to Gates and Performance Engineering on account and submitted advertisements that allegedly depict parts that were manufactured by Barnard Manufacturing and which Performance Engineering offered for sale to the general public. These submissions minimally establish that Gates, either individually or on behalf of Performance Engineering, ordered parts and services from Barnard Manufacturing, received those parts and services in the amounts specified in the invoices,[3] and failed to pay for the parts and services. Consequently, viewing this evidence alone, and in the light most favorable to Gates and Performance Engineering, Barnard Manufacturing would be entitled to summary disposition in its favor on its claims of breach of contract and account stated. *Quinto*, 451 Mich at 362-363.

On appeal, Gates and Performance Engineering argue that the trial court could not properly consider either the affidavit submitted with the invoices or the invoices themselves because the invoices were not sub-

---

[3] As attached to Barnard Manufacturing's brief in support of its motion for summary disposition, the invoices appear to be missing the last three pages, which included the page with the total amount due. However, the complete invoices were attached to Barnard Manufacturing's complaint and Barnard Manufacturing's attorney specifically referred the trial court to the invoices attached to the complaint at the summary disposition hearing.

stantiated or otherwise verified by an officer, director, or employee. We agree that the affidavit submitted with the invoices was not properly made on the personal knowledge of the affiant. See MCR 2.119(B)(1)(a). However, even assuming that the affidavit itself was not substantively admissible, the trial court nevertheless could still consider the invoices.

In ruling on Barnard Manufacturing's motion for summary disposition, the trial court could only consider substantively admissible evidence. *Maiden v Rozwood*, 461 Mich 109, 123; 597 NW2d 817 (1999). However, although the evidence must be substantively admissible, it does not have to be in admissible form. *Id.* at 124 n 6. " 'But it must be admissible in content . . . . Occasional statements in cases that the party opposing summary judgment must present admissible evidence . . . should be understood in this light, as referring to the content or substance, rather than the form, of the submission.' " *Id.*, quoting *Winskunas v Birnbaum*, 23 F3d 1264, 1267-1268 (CA 7, 1994).

On appeal, Gates and Performance Engineering do not argue that the invoices are inherently inadmissible; they argue that Barnard Manufacturing failed to lay a proper foundation for their admission. But Barnard Manufacturing did not have to lay the foundation for the admission of the invoices in order for the court to consider them on a motion for summary disposition as long as there was a plausible basis for the admission of the invoices. See *Maiden*, 461 Mich at 125 n 8; see also MCR 2.116(G)(6) (stating that the affidavits, depositions, admissions, and documentary evidence offered in support or opposition to a motion under MCL 2.116[C][10] may only be considered "to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion"). With a proper foundation, the

invoices *would* be admissible as records of regularly conducted activity. See MRE 803(6). Hence, the trial court properly considered the invoices, see MCR 2.116(G)(6); and the invoices, along with the other submissions noted above, were sufficient to support Barnard Manufacturing's motion with regard to its claims based on contract and account stated.

Once Barnard Manufacturing made a properly supported motion for summary disposition under MCR 2.116(C)(10), the burden shifted to Gates and Performance Engineering "to establish that a genuine issue of disputed fact exists" with respect to Barnard Manufacturing's claims. *Quinto*, 451 Mich at 362. In establishing the existence of a genuine issue of disputed fact, Gates and Performance Engineering could not rely on "mere allegations or denials" in their pleading, but had to, "by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). But Gates and Performance Engineering did not set forth specific facts showing that there was a genuine issue for trial on Barnard Manufacturing's claims. Indeed, in their brief opposing Barnard Manufacturing's motion for summary disposition, Gates and Performance Engineering only addressed the evidence in support of their counterclaims and third-party claims—they did not reference or attach a single piece of evidence for the proposition that there was a disputed fact concerning Barnard Manufacturing's claim of breach of contract or account stated. They also did not refer to any of the documents—including Gates's own deposition—that were attached to Barnard Manufacturing's brief in support of its motion. Likewise, at the hearing on Barnard Manufacturing's motion, Gates and Performance Engineering's attorney only briefly argued that summary disposition of Barnard Manufacturing's

claims would be inappropriate because Barnard Manufacturing failed to present evidence that Gates agreed to a price for the goods and services. However, the attorney did not offer or cite any evidence from the record or briefs to support his contention that Gates did not order the goods or services and did not offer or cite any evidence that Gates did not agree to the amounts charged in the invoices. Consequently, Gates and Performance Engineering's attorney essentially left Barnard Manufacturing's evidence completely unrebutted.[4] For that reason, Barnard Manufacturing was entitled to summary disposition of those claims. MCR 2.116(G)(4); *Quinto*, 451 Mich at 362-363.

### C. INDEPENDENT DUTY TO REVIEW RECORD

Notwithstanding that they failed to set forth any facts establishing a genuine issue of disputed fact regarding Barnard Manufacturing's claims of breach of contract and account stated, Gates and Performance Engineering nevertheless argue that the trial court erred when it granted Barnard Manufacturing's motion for summary disposition on these claims. Gates and Performance Engineering argue that, under MCR 2.116(G)(5), the trial court had a duty to *independently* consider *all* the evidence contained in the court record

---

[4] On appeal, Gates and Performance Engineering essentially concede that their attorneys did not adequately respond to Barnard Manufacturing's motion for summary disposition. However, they argue that this Court should excuse this failure because their attorneys were inexperienced and were misled by opposing counsel's brief, which purportedly failed to put them on notice of the need to respond. As we have already noted, Barnard Manufacturing's brief—although deficient in many ways—adequately put Gates and Performance Engineering on notice of the need to respond with regard to Barnard Manufacturing's claims of breach of contract and account stated. Further, we do not agree that inexperience is a sufficient basis for excusing the failure to properly respond to a motion for summary disposition.

before it could grant the motion. Because the court record contained documents that established a question of fact with regard to Barnard Manufacturing's claims, Gates and Performance Engineering further argue, the trial court had to consider this evidence and, for that reason, should have denied Barnard Manufacturing's motion.

At first blush, MCR 2.116(G)(5) appears to support Gates and Performance Engineering's argument: "The affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties, must be considered by the court when the motion is based on subrule (C)(1)-(7) or (10)." However, when construing court rules, this Court applies the same legal principles that govern the construction and application of statutes. *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000). And it is well-settled that statutes—and accordingly court rules—that relate to the same person or thing, or the same class of persons or things, or which have a common purpose, should be read together as though constituting one law. *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998). Thus, MCR 2.116(G)(5) must be construed in the context of the whole of MCR 2.116, which governs motions for summary disposition.

As already noted, MCR 2.116(G) generally governs the burden of production associated with a motion for summary disposition; and, consistently with our adversarial system, MCR 2.116(G)(4) squarely places the burden of identifying the issues and evidentiary support on the parties, not the trial court. See *Quinto*, 451 Mich at 362-363 (noting that Michigan's court rules employ a burden-shifting approach for motions for summary disposition). Accordingly, the moving party "must spe-

cifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact," MCR 2.116(G)(4), and must support his or her belief with affidavits, depositions, admissions, or other documentary evidence, MCR 2.116(G)(3). Likewise, once a party makes a properly supported motion under MCR 2.116, the adverse party "may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, *set forth specific facts* showing that there is a genuine issue for trial." MCR 2.116(G)(4) (emphasis added); see also *Maiden*, 461 Mich at 121 (stating that the "reviewing court should evaluate a motion for summary disposition under MCR 2.116[C][10] by considering the substantively admissible evidence actually proffered in opposition to the motion"). Because MCR 2.116(G)(4) places the burden to establish a genuine issue for trial on the adverse party, MCR 2.116(G)(5) cannot be construed to place a concomitant burden on the trial court to scour the lower court record in search of a basis for denying the moving party's motion. Instead, MCR 2.116(G)(5) must be understood to impose a limitation on the discretion of the trial court rather than impose an affirmative duty.[5] Accordingly, if a party refers to and relies on an affidavit, pleading, deposition, admission, or other documentary evidence, and that evidence is "then filed in the action or submitted by the parties," the trial court must consider it. MCR 2.116(G)(5);[6] see also *Capital Mortgage Corp v Michigan Basic Prop Ins*

---

[5] Indeed, if we were to construe MCR 2.116(G)(5) in the manner proposed by Gates and Performance Engineering we would effectively eviscerate the requirements of MCR 2.116(G)(4) and force the trial court to assume the role of the nonmoving party.

[6] Although this rule does not require the trial court to examine the record for evidence, it also does not prevent the trial court from examining the record for evidence.

*Ass'n,* 78 Mich App 570, 573; 261 NW2d 5 (1977) (concluding that, under GCR 1963, 117.2[3], which was substantially similar to MCR 2.116[G][5], the trial court could not refuse to consider documentary evidence properly filed by one of the parties).

We also find it persuasive that the majority of federal courts that have considered the issue have flatly rejected this argument under the analogous provisions of FR Civ P 56.[7] See, e.g., *Carmen v San Francisco Unified School Dist,* 237 F3d 1026, 1031 (CA 9, 2001); *Adler v Wal-Mart Stores, Inc,* 144 F3d 664, 672 (CA 10, 1998) ("Thus, where the burden to present such specific facts by reference to exhibits and the existing record was not adequately met below, we will not reverse a district court for failing to uncover them itself."); *Forsyth v Barr,* 19 F3d 1527, 1537 (CA 5, 1994) (noting that vague and conclusory assertions that the evidence demonstrates a question of fact are insufficient—the nonmoving party must identify specific evidence in the record); *L S Heath & Son, Inc v AT&T Information Sys, Inc,* 9 F3d 561, 567 (CA 7, 1993) (concluding that "a district court need not scour the record to determine whether there exists a genuine issue of fact to preclude summary judgment"); *Guarino v Brookfield Twp Trustees,* 980 F2d 399, 404 (CA 6, 1992) (stating that the appellants' "argument that the district court erred in not searching the record *sua sponte* is wholly without merit"). In addition, we conclude that such an interpretation would not be consistent with the requirement that our court rules be "construed to secure the just, speedy, and economical determination of every action . . . ."

---

[7] Because our court rules are patterned after the federal court rules, see *Shields v Reddo,* 432 Mich 761, 784; 443 NW2d 145 (1989), in the absence of state authority, this Court may consider federal authorities that interpret analogous provisions of the federal rules. See *Bush v Beemer,* 224 Mich App 457, 461; 569 NW2d 636 (1997).

MCR 1.105. As the Court in *Carmen* explained, the reading preferred by Gates and Performance Engineering would be both inefficient and unfair:

> A substantial number of cases have records that fill a drawer or two of a filing cabinet, and some big cases sometimes fill multiple five-drawer file cabinets in the clerks' offices. A lawyer drafting an opposition to a summary judgment motion may easily show a judge, in the opposition, the evidence that the lawyer wants the judge to read. It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence.
>
> * * *
>
> Requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant. The gist of a summary judgment motion is to require the adverse party to show that it has a claim or defense, and has evidence sufficient to allow a jury to find in its favor on that claim or defense. The opposition sets it out, and then the movant has a fair chance in its reply papers to show why the respondent's evidence fails to establish a genuine issue of material fact. If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent, performing the lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial. The movant is then denied a fair opportunity to address the matter in the reply papers. Unless the court holds oral argument and brings up the fruit of its search, the movant never receives notice and an opportunity to be heard on the critical evidence. If given an opportunity, the movant might sometimes be able to show that the appearance of a genuine issue of fact was illusory. [*Carmen*, 237 F3d at 1030-1031.]

For these reasons, we reject Gates and Performance Engineering's preferred reading of MCR 2.116(G)(5).

D. APPLICATION TO THE FACTS

After taking the extra time to examine the record in detail, we agree that there was evidence in the record that could have been used to establish a question of fact regarding whether Gates or Performance Engineering entered into a contract for services or parts from Barnard Manufacturing or otherwise agreed to pay Barnard Manufacturing a sum certain. Indeed, at his deposition, Gates testified that he submitted his designs to Barnard and other employees at Barnard Manufacturing as part of ongoing efforts to form Evil Engineering and that the majority of the parts were made for Evil Engineering. He also testified that Barnard Manufacturing never billed him for the parts or services, that he never agreed to a specific price for any parts or services, and that Barnard told him not to worry about paying for those parts that were made for Gates's personal use. Nevertheless, Gates and Performance Engineering failed to cite or otherwise refer to Gates's deposition testimony in their brief in response to the motion for summary disposition or orally at the motion hearing. Likewise, even though Barnard Manufacturing attached Gates's deposition to its brief in support of its motion for summary disposition, it did not refer the trial court to the relevant testimony and there is no indication that the trial court elected to consider those sections on its own initiative. See *L S Heath & Son, Inc*, 9 F3d at 567 (noting that the trial court has the discretion to consider record evidence on its own initiative). When reviewing a motion for summary disposition, this Court's review is limited to review of the evidence properly presented to the trial court.[8] See

---

[8] There is no evidence on the record that the trial court exercised its discretion to consider any documents other than those cited by the parties at the time it granted Barnard Manufacturing's motion for

*Quinto*, 451 Mich at 366 n 5; *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003); see also *Skotak v Tenneco Resins, Inc*, 953 F2d 909, 915-916 (CA 5, 1992) ("Although on summary judgment the record is reviewed *de novo*, this court, for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion."); *Guarino*, 980 F2d at 404 ("This Court will not entertain on appeal factual recitations not presented to the district court any more readily than it will tolerate attempts to enlarge the record itself."). Hence, we are not at liberty to consider this evidence.

The trial court was not obligated under MCR 2.116(G)(5) to "scour the record to determine whether there exists a genuine issue of fact" to preclude summary disposition. *L S Heath & Son, Inc*, 9 F3d at 567. Rather, Gates and Performance Engineering had the obligation to "set forth specific facts showing that there is a genuine issue for trial," MCR 2.116(G)(4), which they did not do. Consequently, given the evidence actually raised by the parties and considered by the trial court, we cannot conclude that the trial court erred when it granted Barnard Manufacturing's motion for summary disposition.

### IV. MOTION TO AMEND JUDGMENT

Gates and Performance Engineering next argue that the trial court abused its discretion when it denied the relief requested in their motion to amend the judgment. This Court reviews a trial court's decision to deny such

---

summary disposition. Had the trial court considered evidence contained in the record, but not cited by the parties, that evidence would be part of our review. See *L S Heath & Son, Inc*, 9 F3d at 567.

a motion for an abuse of discretion. *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007).

Gates and Performance Engineering first contend that the trial court should have granted the requested relief because Barnard Manufacturing clearly failed to establish its entitlement to summary disposition under the court rules. However, as already noted in this opinion, Barnard Manufacturing adequately supported its motion and the trial court properly granted the motion after Gates and Performance Engineering failed to "set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). Hence, the trial court did not abuse its discretion when it refused to grant the motion on this basis.

Gates and Performance Engineering also argue that the trial court and opposing counsel each engaged in inappropriate conduct, which the trial court should have realized warranted relief. According to Gates and Performance Engineering, the trial court committed misconduct by failing to search the lower court record for evidence that might justify denying Barnard Manufacturing's motion. In the same vein, they argue that Barnard Manufacturing's attorney committed misconduct by arguing that Barnard Manufacturing was entitled to summary disposition of its claims and by failing to make the trial court aware of the record evidence that might be construed to contradict that position. Thus, Gates and Performance Engineering essentially fault the trial court and opposing counsel for failing to advocate on behalf of Gates and Performance Engineering. However, neither the trial court nor Barnard Manufacturing's attorney had a duty to advocate on behalf of Gates or Performance Engineering. Under our adversarial system, each party bears the responsibility for ensuring that its positions are vigorously and prop-

erly advocated. See *Napier v Jacobs*, 429 Mich 222, 228; 414 NW2d 862 (1987) (noting that, in our adversarial system, the litigants frame the issues and present them to the court); *Mack v Detroit*, 467 Mich 186, 223; 649 NW2d 47 (2002) (CAVANAGH, J., dissenting) (stating that, under our adversarial system the "parties frame the issues and arguments" for the trial court, which ensures "the best presentation of arguments and theories because each party is motivated to succeed"). And neither the trial court nor Barnard Manufacturing's attorney can be faulted for Gates and Performance Engineering's attorneys' failure to properly defend against Barnard Manufacturing's motion for summary disposition.

The trial court did not abuse its discretion when it declined to grant Gates and Performance Engineering's motion to amend the judgment.

There were no errors warranting relief.

Affirmed. As the prevailing party, Barnard Manufacturing may tax costs under MCR 7.219(A).