# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN FRANCIS LECHNER,

      Plaintiff-Appellant,

v

BRIAN PEPPLER,

      Defendant-Appellee.

UNPUBLISHED
May 8, 2018

No. 337872
Chippewa Circuit Court
LC No. 15-014055-CZ

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, John Lechner, appeals as of right from the trial court's order granting summary disposition in favor of defendant, Brian Peppler, pursuant to MCR 2.116(C)(7) (statute of limitations) and MCR 2.116(C)(8) (failure to state a claim). Because the trial court did not err, we affirm.

## I. BASIC FACTS

On December 10, 2015, acting *in propria persona*, Lechner filed a five-count complaint against Peppler. Relevant to this appeal, he stated that at all relevant times, Peppler was the elected Prosecuting Attorney for Chippewa County. In Count 1, Lechner alleged that Peppler was liable for abuse of process. In Counts 2 and 3, he claimed that Peppler had violated his civil rights under 42 USC 1983. In Count 4, he asserted that Peppler was liable for "aiding and abetting." And in Count 5, Lechner contended that Peppler was liable for intentional infliction of emotional distress. Each count was premised on allegations that, working with Lechner's ex-wife and the Chippewa County Sheriff's Office, Peppler had wrongfully brought criminal charges against Lechner in August 2011. Generally, Lechner alleged that the charges were brought for an improper purpose—namely to further Lechner's ex-wife's agenda to acquire Lechner's share of the marital estate and in retaliation for Lechner campaigning against Peppler in the previous election cycle. Lechner also asserted that the charges lacked a factual basis, and he believed that there was a malicious and intentional delay between when the events leading to the charges occurred and when the charges were brought, which he attributed to Peppler's desire

-1-

to aid the federal government in bringing additional charges against him.[1]  In addition to the charges, Lechner also contended that in June 2012, Peppler voluntarily and falsely testified against him in the federal case, which resulted in Lechner being convicted and sentenced to 51 months in federal prison.  Lechner further asserted that in December 2012, the state charges—which had no lawful basis—were dismissed after a *nolle prosequi* order was entered.  He claims that was because Peppler knew he could not prove the charges and had already achieved his goal, i.e., getting Lechner convicted in federal court.

Peppler moved for summary disposition under MCR 2.116(C)(7), arguing that based on the dates in Lechner's complaint, the alleged wrong occurred, at the latest, in June 2012, when Lechner was convicted of the federal charges.  Peppler noted that the statute of limitations for abuse of process, a § 1983 claim, civil conspiracy,[2] and intentional infliction of emotional distress was three years, which meant that, at best the limitations period for each claim would have expired in June 2015.  Peppler also noted that, to the extent that there was a malicious prosecution claim, the limitations period was two years, which meant that the limitations period would have expired in June 2014, at the latest.  Because the complaint was filed in December 2015, Peppler contended that it was wholly barred by the applicable limitations periods.  In addition, Peppler argued that any claims based on his testimony in federal court were barred by witness immunity, and any claims based on his actions as the Prosecuting Attorney were barred by governmental immunity.  He also pointed out that Lechner had failed to plead any facts in avoidance of governmental immunity.  Thus, he asserted summary disposition was proper under MCR 2.116(C)(8).

In response, without citing any legal authority, Lechner argued that the limitations periods did not bar his claims and that Peppler was not protected by governmental immunity.  He clarified during oral argument before the trial court that he believed the limitations periods did not start to run until December 12, 2012, when Peppler filed the *nolle prosequi* motions to dismiss.  He also asserted that the limitations period was tolled until he was released from federal prison, ostensibly because he was unable to defend his rights while incarcerated.

The trial court found that the claims accrued in August 2011, when the charges were allegedly brought without proper justification.  It concluded that the relevant periods of limitations barred each count of the complaint.  The court also expressly found that Peppler was entitled to governmental immunity and that Lechner had failed to allege any facts in avoidance of its application.  Accordingly, the court granted summary disposition in Peppler's favor.

---

[1] In September 2011, Lechner was arrested and charged with two counts of transporting explosives without a permit and improper storage of explosives, one count of possessing explosives while under indictment, and one count of making a materially false statement to government officials.  *United States v Lechner*, 806 F3d 869 (CA 6, 2015).  He was convicted following a jury trial.  *Id*. at 872.

[2] Peppler argued that there was no civil claim for "aiding and abetting;" however, based on the complaint, he surmised that Lechner may have been bringing a claim for civil conspiracy.  The trial court agreed and treated the aiding and abetting claim as a civil conspiracy claim.

This appeal follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Lechner argues that the trial court erred by granting summary disposition. We review de novo challenges to a court's decision on a motion for summary disposition. *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

### B. ANALYSIS

Lechner brought claims of abuse of process, violation of his civil rights, aiding and abetting the violation of his civil rights, and intentional infliction of emotional distress. All of the claims are predicated on action taken by Peppler with respect to the state and federal charges. According to Lechner, the state charges were filed on August 22, 2011. He was convicted on the federal charges in June 2012. The state charges were, thereafter, dismissed after Peppler filed the *nolle prosequi* motions, which the trial court granted in December 2012. Peppler sought *nolle prosequi* because Lechner "is serving a sentence out of federal court," so "[p]rosecution [is] not desired at this time."

We must determine when Lechner's claims against Peppler accrued. See MCL 600.5827 ("Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues."). Generally, MCL 600.5827 provides that a "claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Here, the "wrong upon which the claim is based" is, according to the complaint, twofold: (1) Peppler bringing the state charges in August 2011 and (2) Peppler testifying against Lechner in the federal case in June 2012. In addition, "[t]he date on which the statute of limitations begins to run in a § 1983 action is a question of federal law. Ordinarily, the limitations period starts to run when the plaintiff know or has reason to know of the injury which is the basis of his action." *Kuhnle Bros, Inc v Co of Geauga*, 103 F3d 516, 520 (CA 6, 1997) (quotation marks and citations omitted). Here, at the latest, Lechner knew or had reason to know of his injury—federal conviction premised on false state law charges—in June 2012, when he was convicted on the federal charges.

Nevertheless, Lechner argues that his claims accrued in 2013 when he discovered that a *nolle prosequi* was entered, because it was then that he began to suffer the prejudicial effect of Peppler's actions because he could no longer defend himself in state court.[3] However, the statute of limitations is triggered when the claim accrues regardless of when the damage results. MCL 600.5827. Here, as soon as he was charged in state court, Lechner would have had reason to believe that the charges were without merit and would have been able to raise a claim at that

---

[3] It appears that Lechner sought to have the dismissed charges reinstated against him so that he could have them dismissed for lack of merit.

point.  To the extent that he argues that purpose of the charges was to facilitate federal charges against him, his federal trial was in June 2012, so he would have been aware of how the state charges were being used against him at that time.  Accordingly, we find unpersuasive Lechner's claim that he did not begin to suffer prejudice from the charges until he knew they were dismissed.  Rather, if the allegedly improper charges were the basis for the federal charges, he was prejudiced from the outset.  Accordingly, we conclude that, at the latest, the claims against Lechner accrued in June 2012.  See MCL 600.5827; *Kuhnle Bros, Inc*, 103 F3d at 520.

Under MCL 600.5805(10), the statute of limitations for Lechner's claims of abuse of process and intentional infliction of emotional distress is three years.  See also *Nelson v Ho*, 222 Mich App 74, 85; 564 NW2d 482 (1997) ("Claims of intentional infliction of emotional distress must be brought within three years after they accrue in order to avoid the limitation bar.").  "Michigan's three year statute of limitations for personal injury claims . . . governs section 1983 actions when the cause of action arises in Michigan."  *McCune v Grand Rapids*, 842 F2d 903, 905 (CA 6, 1988) (citations omitted); MCL 600.5805(10).  The limitations period for civil conspiracy premised on the allegedly improper arrest/violation of civil rights is likewise a three-year period.  *Terlecki v Stewart*, 278 Mich App 644, 653; 754 NW2d 899 (stating "the conspiracy claim takes on the limitations period for the underlying wrong that was the object of the conspiracy").  Finally, to the extent that Lechner brought a claim for malicious prosecution, the statute of limitations is two years, MCL 600.5805(5).  Because each of these claims accrued, at the latest, in June 2015, the December 2015 complaint was untimely.

Lechner argues that the statute of limitations was tolled under the continuing violations doctrine.  Generally, state tolling rules govern § 1983 actions.  *Heimeshoff v Hartford Life & Accident Ins Co*, 571 US 99, 116; 134 S Ct 604, 616; 187 L Ed 2d 529 (2013).  The crux of the doctrine is that "a continuing wrong is established by continual tortious acts, not by continual harmful effects from an original, completed act."  *Horvath v Delida*, 213 Mich App 620, 627; 540 NW2d 760 (1995).  Here, the only tortious acts alleged by Lechner occurred prior to his alleged unlawful imprisonment, and a new cause of action did not accrue, as Lechner alleges, each day he was imprisoned.  Thus, in the absence of new tortious action that would trigger a new period of limitations, the continuing-violations doctrine does not render Lechner's complaint timely.

For the foregoing reasons, we conclude that the trial court did not err by granting summary disposition under MCR 2.116(C)(7).[4]

---

[4] The trial court also granted summary disposition under MCR 2.116(C)(8) after concluding that governmental immunity barred the entirety of Lechner's suit and that he had not pleaded facts in avoidance of it.  Lechner has not challenged that part of the trial court's decision on appeal.  Accordingly, even if Lechner could establish that the trial court erroneously applied the statute of limitations, we would not conclude he was entitled to relief.

Affirmed.  Peppler may tax costs as the prevailing party.  MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien