*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTY ROWE,

Plaintiff-Appellant,

v

DETROIT SCHOOL OF DIGITAL
TECHNOLOGY INC and JAMIE KOTHE,

Defendant-Appellee.

UNPUBLISHED
August 20, 2019

No. 343814
Wayne Circuit Court
LC No. 17-012888-CK

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Christy Rowe, appeals as of right the trial court order granting defendants Detroit School of Digital Technology Inc. (DSDT) and Jamie Kothe summary disposition. We reverse the grant of summary disposition with respect to the claims for breach of contract, fraud in the inducement, promissory estoppel, and constructive trust, and remand for further proceedings as they relate to those claims.

## I. BASIC FACTS

According to Rowe, in November 2016, she began working for DSDT as the Director of Affiliate Affairs. She asserts that before beginning work, she had several discussions with Kothe regarding the terms of her employment. Specifically, Rowe contends that Kothe agreed Rowe would receive an annual salary of $100,000 and that DSDT would pay Rowe an additional $1,000 per month for her telephone and car bills. Rowe asserts that Kothe asked her to draft a written employment agreement reflecting the oral agreement, but that, although Kothe orally stated that "she agreed with the terms of the written employment agreement," Kothe did not sign the contract.

Rowe contends that, notwithstanding the lack of a signed employment agreement, she worked for DSDT from November 7, 2016 until April 3, 2017. During that period she was paid sporadically for her services, receiving $4,000 in cash at the end of November 2016, $1,000 in cash on January 13, 2017, and a $15,000 check issued by one of Kothe's friends. In her complaint, she asserted that she did not receive any compensation for services rendered in

February and March 2017, so she submitted a letter to DSDT indicating that she was owed $26,536.00[1] in unpaid wages and unpaid monetary supplements for her telephone and her car; she also stated that she considered herself to be constructively terminated because she had not been paid in over two months. DSDT refused to pay Rowe, so she filed suit against it and Kothe in August 2017, bringing claims for breach of contract, fraud in the inducement, promissory estoppel, and constructive trust. She also brought a claim for breach of a personal guarantee against Kothe.[2]

Defendants moved for summary disposition, arguing that the entirety of Rowe's complaint should be dismissed because (1) there was no employment contract, (2) defendants did not make the representations that Rowe attributed to them in her complaint, (3) defendants did not make any definite and clear promises regarding the amounts to be paid to Rowe or her job duties, and (4) the breach of a personal guarantee claim was barred by the statute of frauds. In support of their argument, defendants attached an affidavit from Kothe, who averred that she had not approved the written contract and had only paid Rowe as an independent contractor, not as an employee.[3]

In response, Rowe asserted that summary disposition was premature because no discovery had been conducted. Moreover, she asserted that there was a question of fact with regard to whether there was an employment contract and whether defendants made oral representations (which were later memorialized in the unsigned contract) to Rowe regarding her pay and job responsibilities with defendants. Rowe submitted an affidavit in support of her response. In her affidavit, Rowe averred that Kothe orally entered into an employment contract with her, that the agreement was memorialized in a written document at Kothe's request, and that Kothe reviewed the written agreement "and agreed that it accurately reflected the terms we had agreed upon," but she "declined to sign it at that time, because, she stated, she wanted her attorney to review it." Rowe stated that she continued to work under the oral agreement and, when its terms were not honored, she questioned Kothe who instructed her to provide invoices

---

[1] This sum appears to be a typo as in the copy of the letter submitted by Rowe to the trial court, she only demands $24,328 in unpaid wages and benefits.

[2] This claim was dismissed by the trial court, and Rowe does not challenge the dismissal on appeal.

[3] Defendants also submitted documentary evidence showing that Rowe had filed a nearly identical lawsuit against Motor City Automotive Training Inc. and Claude Greiner, Sr., asserting that those defendants had breached an employment contract allegedly entered into between Rowe and Motor City Automotive Training Inc. and Claude Greiner, Sr. in February 2016. We have reviewed the complaint in that case and agree with defendants that there are stunning similarities. However, although this evidence is certainly relevant to Rowe's credibility, it is unclear why defendants believed this information supported their motion for summary disposition. See *Burkhardt v Bailey*, 260 Mich App 636, 646-647; 680 NW2d 453 (2004) (stating that when reviewing a motion for summary disposition a trial court may not make credibility determinations).

for her services. She stated that she then provided invoices consistent with the salary she and Kothe had agreed upon and Kothe did not tell her that the invoices were inconsistent with the agreement. Rowe also supported her motion with a copy of text messages between her and Kothe, which referenced her job title and her $100,000 annual salary. Copies of the invoices submitted by Rowe to defendants were also attached to the summary-disposition pleadings. Finally, Rowe also presented a copy of her April 2017 letter stating that she considered herself constructively terminated on the basis of defendants' failure to comply with the employment agreement and demanding payment of unpaid wages and benefits.

Following oral argument, the trial court granted defendants motion for summary disposition, dismissing Rowe's case in its entirety. In doing so, the court repeatedly referred to the documentary evidence presented by the parties. Based on its interpretation of the evidence, the court found that there was no evidence (1) that a contract had been formed, (2) that defendants made any representations to Rowe that she could have relied upon, and (3) that defendants had made any clear, defined promise to pay a certain salary. The court did not address Rowe's argument that the motion for summary disposition was premature. Thereafter, the court denied Rowe's motion for reconsideration.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Rowe argues that the trial court erred by granting summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

### B. ANALYSIS

Rowe argues that summary disposition in favor of defendants was premature because discovery was not yet complete. If discovery on a dispute issue has not been completed, summary disposition is generally premature. *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723; 909 NW2d 890 (2017). Yet, when "further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position," the mere fact that the discovery period has yet to close does not bar summary disposition. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 25; 672 NW2d 351 (2003). To avoid summary disposition on the basis of incomplete discovery, "a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Under MCR 2.116(H)(1), the party opposing summary disposition may present an affidavit to establish the facts that will likely be procured through additional discovery. "Mere speculation that additional discovery might produce evidentiary support is not sufficient." *Caron v Cranbrook Ed Community*, 298 Mich App 629, 646; 828 NW2d 99 (2012).

In this case, Rowe identified a disputed issue and supported that issue with independent evidence. Specifically, in her affidavit she averred that she had entered into an oral agreement with Kothe that provided: (1) Rowe would be the Director of Affiliate Affairs, (2) Rowe's job

responsibilities included vendor management, resource presentation, leading and directing the sales team, and assisting with marketing campaigns, (3) Rowe would receive an annual salary of $100,000 to be paid biweekly, (4) Rowe would be allotted $400 per month in expenses, (5) Rowe would receive $500 per month to supplement her automotive and telephone bills, and (6) Rowe would receive $500 per month to offset the cost of personal health insurance. According to Rowe's affidavit, she accepted the position based on the oral agreement, but she was asked by Kothe to memorialize the agreement in writing. When she presented the memorialized agreement to Kothe, Kothe "reviewed it and agreed that it accurately reflected the terms we had agreed upon," but she "declined to sign it at that time, because, she stated, she wanted her attorney to review it."

In contrast, in her affidavit, Kothe averred that Rowe had drafted an employment contract that "paid an annual salary of $100,000 and substantial stipends in exchange for few, if any, deliverable goals and little, if any, job duties." Kothe explained that she "never approved of the contract," because "[a]mong other reasons, [she] knew the school could not afford such a substantial amount of pay during its start-up." She added that she would "not under any circumstances have hired any employee to oversee daily operations at the school while 'frequently' working remotely from a 'home office.'" Kothe asserted that the payments made to Rowe were as an independent contractor, not as an employee. But Rowe stated that she only signed a W-9 form indicating that she was an independent contractor because Kothe would not pay her $15,000 until she did so.

On the basis of the evidence submitted, it is plain that further discovery has a fair chance to uncover factual support for Rowe's position. See *Marilyn Froling Revocable Trust*, 283 Mich App at 292. The evidence before the trial court—when viewed in the light most favorable to Rowe—supported a finding that an employment contract existed between the parties notwithstanding the fact that the memorialization of that agreement was not signed by Kothe.[4] It also supported that Rowe was, in fact, employed by defendants, especially since there is

---

[4] In this case, the trial court erred by viewing the evidence in the light most favorable to the moving party rather than the nonmoving party and by making factual findings on disputed issues. See *Greene v A P Prods, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (stating that when reviewing a motion for summary disposition under MCR 2.116(C)(10) the trial court must consider the evidence submitted by the parties in the light most favorable to the nonmoving party); see also *Burkhardt*, 260 Mich App at 647 (stating that a trial court may not make factual findings on disputed factual issues during a motion for summary disposition). Here, the court found that there was no contract because the written contract was not signed. In doing so, the court ignored Rowe's affidavit stating that the employment agreement was oral and stating that, although Kothe did not sign the document, she agreed that it accurately reflected the terms of the parties' agreement. The court instead credited Kothe's statement that she had not agreed to the written contract and that she had only paid Rowe as an independent contractor. Despite the court's findings, it is evident that there was a clear factual dispute regarding whether the parties had an *oral* contract containing the exact terms of the unsigned written contract or whether they had reached some other employment agreement containing some other unidentified terms.

evidence that she performed at least some duties for defendants and was paid by defendants for some of the services rendered. Because the grant of summary disposition was premature with regard to Rowe's claims for breach of contract, fraud in the inducement, promissory estoppel, and constructive trust, we reverse the court's order as it relates to those claims and remand to the trial court for further proceedings. On remand, the trial court shall set a date for the close of discovery and allow it to run its course.

Reversed and remanded. We do not retain jurisdiction. Rowe may tax costs. MCR 7.219(A).

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra