*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EBONY N. GRAHAM,

        Plaintiff-Appellant,

v

AMERICAN SELECT INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
April 21, 2026
9:58 AM

No. 374344
Oakland Circuit Court
LC No. 2024-206455-NI

Before: GADOLA, C.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Ebony Graham, appeals as of right the trial court order granting summary disposition under MCR 2.116(C)(10) to defendant, American Select Insurance Company. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case arises from a February 26, 2020 motor vehicle crash between Graham's vehicle and a vehicle operated by a man named Mohammed Alajmi. In October 2020, Graham filed an action against her no-fault insurer, American Select, seeking payment of personal protection insurance (PIP) benefits. That case was dismissed by stipulation on March 2, 2023. Approximately one month before the dismissal of the PIP case, Graham filed a claim against Alajmi. That case ultimately resulted in the entry of a default judgment against Alajmi. While Graham's claim against Alajmi was pending, she filed a second lawsuit against American Select, this time seeking uninsured or underinsured motorist benefits pursuant to her insurance policy.

On October 9, 2024, American Select moved for summary disposition under MCR 2.116(C)(10), arguing that it was entitled to summary disposition because (1) Graham had not timely claimed uninsured or underinsured benefits and (2) Graham had no evidence that the other vehicle was uninsured or underinsured. After American Select filed its motion, the parties stipulated to extend discovery until January 30, 2025. Graham then responded to the motion for summary disposition, arguing that her claim was timely, that there was a question of fact as to whether the other vehicle was uninsured, and that, alternatively, the motion was premature because discovery had not yet closed. Following a hearing on the motion, the court found American

-1-

Select's arguments persuasive, adopted its reasoning, and entered an order granting summary disposition in favor of American Select. This appeal follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Graham argues that the trial court erred by granting American Select summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

We first address Graham's claim that there is a genuine issue of material fact with regard to whether Alajmi's vehicle was uninsured. We disagree.

Graham first directs this Court to an affidavit that she submitted in response to American Select's motion for summary disposition. In the affidavit, she averred that Alajmi "told [her] at the accident scene that he did not have insurance on the car." Alajmi's purported statement, however, is inadmissible hearsay because it is an out of court statement that is being offered by Graham to prove "the truth of the matter asserted in the statement," i.e., that Alajmi did not have insurance on the vehicle. See MRE 801(C).[1] Accordingly, it cannot be used to avoid summary disposition. See MCR 2.116(G)(6) (indicating that the evidence offered in support of or opposition to a motion for summary disposition "shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion.").

Graham next argues that the default judgment she obtained against Alajmi is proof that Alajmi lacked insurance. On its face, the default judgment merely provides that the matter came before the trial court on Graham's motion for entry of a default judgment, that the court heard oral arguments on the motion, and that the court was entering a monetary judgment against Alajmi. Nothing in the default judgment addresses whether Alajmi was insured or uninsured or whether he had adequate insurance coverage. Graham argues that it can be "inferred" from the default judgment that Alajmi lacked insurance because, if he had insurance, he would have contacted his insurance company to defend him against her lawsuit. Her argument is nothing more than speculation—"an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475

---

[1] Additionally, Alajmi's statement is not admissible as a party-opponent admission under MRE 801(d)(2) because he is not a party to the litigation between American Select and Graham.

(1994). "Speculation cannot create a question of fact." *Estate of Trueblood v P & G Apartments, LLC*, 327 Mich App 275, 289; 933 NW2d 732 (2019). Consequently, the default judgment does not create a fact question as to whether the other vehicle was or was not insured.

Graham next argues that even if there is no genuine issue of material fact related to whether the other vehicle was uninsured, summary disposition was prematurely granted because discovery was incomplete. The record reflects that there were approximately two weeks of discovery remaining when the court granted summary disposition. "Generally, summary disposition under MC 2.116(C)(10) is premature if it is granted before discovery on a disputed issue is complete." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Denial of summary disposition, however, is not automatic just because discovery is incomplete. *Id*.

"[A] party opposing summary disposition cannot simply state that discovery is premature without identifying a disputed issue and supporting that issue with independent evidence." *Id*. "[T]he operative question is whether summary disposition is premature because further discovery stands a fair chance of uncovering factual support for the nonmovant's position." *Glorycrest Carpenter Road, Inc v Adams Outdoor Advertising Limited Partnership*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366261); slip op at 11. In doing so, "[t]he party opposing summary disposition must offer the required MCR 2.116(C)(H) affidavits, with the probable testimony to support its contentions." *Marilyn Froling Revocable Trust*, 283 Mich App at 292-293. See also *Coblentz v City of Novi*, 475 Mich 558, 570; 719 NW2d 73 (2006) (stating that summary disposition is not prematurely granted if the party opposing summary disposition fails to "offer the required affidavits of probable testimony to support their contentions" that are required under MCR 2.116(H)). MCR 2.116(H) provides:

> (1) A party may show by affidavit that the facts necessary to support the party's position cannot be presented because the facts are known only to persons whose affidavits the party cannot procure. The affidavit must
>
> (a) name these persons and state why their testimony cannot be procured, and
>
> (b) state the nature of the probable testimony of these persons and the reason for the party's belief that these persons would testify to those facts.

"Mere speculation that additional discovery might produce evidentiary support is not sufficient." *Caron v Cranbrook Ed Community*, 298 Mich App 629, 646; 828 NW2d 99 (2012).

In response to summary disposition, Graham cursorily argued that summary disposition should be denied as premature because she needed time to "locate and depose" Alajmi. She did not, however, submit the affidavits of probable testimony that are required by MCR 2.116(H). As a result, the trial court did not err by granting American Select's motion for summary disposition before the close of discovery. See *Coblentz*, 475 Mich at 571. And, because there is not a genuine issue of material fact with regard to whether the other vehicle was uninsured or underinsured, we

conclude that the trial court did not err by granting summary disposition under MCR 2.116(C)(10).[2]

Affirmed. American Select may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Michael J. Kelly

---

[2] Given our resolution, we decline to consider whether summary disposition was also warranted based upon Graham's alleged failure to timely make a claim for uninsured or underinsured motorist benefits. We also decline to consider American Select's argument that Graham waived any challenge to dismissal of her claim for underinsured motorist benefits by only raising arguments related to her claim for uninsured motorist benefits.