# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA MCCARTHY,

       Plaintiff-Appellant,

v

DEBORAH LIPPS-CARBONE,

       Defendant-Appellee.

UNPUBLISHED
August 11, 2016

No. 326715
St. Clair Circuit Court
LC No. 2014-000131-NI

Before: RIORDAN, P.J., and SAAD and M. J. KELLY, JJ.

M. J. KELLY, J. (*dissenting*).

After having examined the briefs and evidentiary support submitted by the parties, I conclude that the trial court erred when it granted the motion for summary disposition by defendant, Deborah Lipps-Carbone. For that reason, I respectfully dissent.

The trial court considered the evidence submitted by the parties and ultimately dismissed the claims by plaintiff, Sandra McCarthy, under MCR 2.116(C)(10). This Court's review of a decision on a motion for summary disposition is de novo. *Barnard Mfg Co, Inc v Gates Performance Eng, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). The fact that our review is de novo, however, does not give this Court authority to expand the record by considering evidence that was not properly before the trial court. *Id.* at 380-381. Rather, this Court must review the motion for summary disposition in the same way that the trial court was obligated to review it. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012).

The trial court must first determine whether the moving party properly asserted a ground for relief by specifically identifying "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4). The level of specificity is that which would place the nonmoving party on notice of the need to respond. *Barnard Mfg*, 285 Mich App at 369, citing *Quinto v Cross & Peters Co*, 451 Mich 358, 370; 547 NW2d 314 (1996). If the moving party fails to identify its ground for relief with the requisite specificity, the nonmoving party cannot be faulted for failing to respond, and the trial court should deny the motion. *Lowrey v LMPS & LMPJ, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 323049); slip op at 3.

If the trial court determines that the moving party adequately asserted his or her motion under MCR 2.116(C)(10), it must next examine whether the moving party supported its motion with evidence, as required by MCR 2.116(G)(3). When the moving party fails to properly support its motion with evidence establishing that there was no genuine issue of fact, the burden of production does not shift to the nonmoving party and the trial court must deny the motion. *Grandberry-Lovette v Garascia*, 303 Mich App 566, 581; 844 NW2d 178 (2014). If the trial court determines that the moving party adequately asserted and supported his or her motion, it must then examine all the evidence properly cited by the parties and determine whether the evidence establishes a question of fact for the fact-finder. In doing so, the trial court is not permitted to assess the weight or credibility of the evidence; it must, instead, view the evidence in the light most favorable to the nonmoving party. *Skinner v Square D Co*, 445 Mich 153, 161-162; 516 NW2d 475 (1994); *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The trial court should only grant a motion under MCR 2.116(C)(10) when the evidence properly before the trial court—even when viewed in the light most favorable to the nonmoving party—shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Maiden*, 461 Mich at 120.

In this case, Lipps-Carbone moved for summary disposition, in relevant part, on the ground that the undisputed evidence demonstrated that the automobile accident did not cause McCarthy any injuries. Lipps-Carbone identified the issues as to which she believed that there was no material fact with the requisite specificity; however, she did not adequately support her motion on this ground.

Lipps-Carbone relied on medical reports made by McCarthy's treating physicians, which established that McCarthy had significant preexisting problems with her neck and back. Further, while there was evidence that the images taken of McCarthy's neck and back immediately after the accident did not show any significant changes to the structures in her neck and back, the reports concerning these images standing alone did not establish that the accident did not cause any injury. In order to establish this point, Lipps-Carbone would have had to present testimony that any injury to McCarthy's neck or back that might have been caused by the accident would have shown up on the images. But she did not present any admissible evidence to establish this point. She did rely on a report by a so-called "independent medical examiner," but that report was not plausibly admissible, see *Barnard Mfg*, 285 Mich App at 373-374, because it amounted to hearsay within hearsay that was not subject to an exception. See MRE 801; MRE 802; MRE 803; MRE 804; see also *Attorney General v John A Biewer Co, Inc*, 140 Mich App 1, 17; 363 NW2d 712 (1985) (noting that documents that are prepared in preparation for litigation are not inherently trustworthy and, for that reason, are generally inadmissible under the hearsay exceptions).

Although she did not clearly raise this issue in her motion for summary disposition, one might argue that Lipps-Carbone did not have to present evidence to negate the proposition that the accident caused an aggravation to McCarthy's back and neck conditions because she could properly support her motion by asserting that McCarthy would be unable to prove causation at trial. Our Supreme Court has stated that the moving party may meet its burden of production on a motion for summary disposition under MCR 2.116(C)(10) by demonstrating to the trial court that the nonmoving party's evidence is insufficient to establish an essential element of his or her claim. See *Quinto*, 451 Mich at 362, quoting Justice Brennan's dissent in *Celotex v Catrett*, 477

US 317, 331; 106 S Ct 2548; 91 L Ed 2d 265 (1986).[1]  However, as this Court has recognized, the moving party cannot support a motion on this ground by asserting his or her mere *belief* that the nonmoving party will be unable to prove an element at trial. *Granberry-Lovette*, 303 Mich App at 581 n 3; see also *Celotex*, 477 US at  332 (BRENNAN, J., *dissenting*) (stating that a conclusory assertion that the nonmoving party has no evidence is insufficient to meet the burden of production because such a burden "is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment").  Instead, the moving party must *demonstrate* that the nonmoving party does not have evidence to support the claim by examining all the evidence that is available to the nonmoving party and showing that the evidence does not establish an essential element of the nonmoving party's claim:

> [A]s the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record.  This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of the documentary evidence.  If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record.  Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.  [*Celotex*, 477 US at 332 (BRENNAN, J., *dissenting*).]

Lipps-Carbone did not depose or otherwise address the potential testimony by the numerous medical professionals listed on McCarthy's witness list; thus, she did not properly support her motion on causation in this alternate manner. *Id.* at 332-333.

Because Lipps-Carbone did not properly support her motion for summary disposition on the ground that there was no evidence that the accident caused McCarthy to suffer an injury, the trial court erred when it granted Lipps-Carbone's motion on that basis. *Barnard Mfg*, 285 Mich App at 370.  Even setting aside the deficiencies in Lipps-Carbone's motion, after reviewing the record evidence I conclude that McCarthy presented and identified evidence that, when viewed in the light most favorable to her, established a question of fact on the issue of causation.

McCarthy cited numerous medical reports—which were plausibly admissible—to establish causation.  In a report dated June 5, 2013, which was days after the accident at issue, McCarthy's treating physician, Andres Munk, M.D., noted that McCarthy had been a restrained driver in a rear-end automobile collision.  He wrote that there were no acute changes shown on an x-ray, but that older MRI studies showed that she had some problems with her neck and lumbar spine; he then opined that McCarthy had suffered some exacerbation of these preexisting conditions: "IMPRESSION: Cervical strain with some exacerbation of discogenic of both cervical and lumbar spine."  In a report dated July 18, 2013, another physician at Munk's

---

[1] Our Supreme Court opined that Justice Brennan's recitation of the burden of production for summary disposition was "harmonized" with the majority's recitation of the law.  See *Quinto*, 451 Mich at 361 n 3.

practice, Giuseppe Paese, D.O., assessed McCarthy with cervical radiculopathy and discogenic syndrome, cervical. And in a report dated October 25, 2013, Munk stated that he reviewed x-rays and observed "discogenic changes and disc herniations" and stated that it was his impression that McCarthy had cervical radiculopathy and cervical discogenic type pain. He then stated that she should consider surgical intervention to help with the neck pain. Considering these reports together and in the light most favorable to McCarthy, a reasonable fact-finder could find that the accident exacerbated McCarthy's preexisting conditions, which caused her increased pain, and either caused her to need surgery to correct the problems or hastened the need for surgical intervention. See *Wilkinson v Lee*, 463 Mich 388, 395; 617 NW2d 305 (2000). There was also record evidence that the purported aggravation affected McCarthy's general ability to lead her normal life. See *McCormick v Carrier*, 487 Mich 180; 795 NW2d 517 (2010). As such, Lipps-Carbone failed to establish any grounds for summary disposition.

I would reverse and remand for further proceedings.

/s/ Michael J. Kelly