# STATE OF MICHIGAN

# COURT OF APPEALS

---

ALPHA AUTOMOTIVE GROUP LLC,

　　　　　Plaintiff/Counterdefendant-
　　　　　Appellee,

UNPUBLISHED
July 31, 2018

v

CUNNINGHAM CHRYSLER OF EDINBORO,
INC.,

　　　　　Defendant/Counterplaintiff-
　　　　　Appellant.

No. 340848
Kent Circuit Court
LC No. 15-009030-CK

---

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

In this contract dispute, defendant/counterplaintiff, Cunningham Chrysler of Edinboro, Inc., appeals by right the trial court's judgment in favor of plaintiff/counterdefendant, Alpha Automotive Group, LLC (Alpha Group). We reverse and remand for further proceedings.

## I. BASIC FACTS

In 2014, Cunningham Chrysler executed three different but substantially similar advertising agreements with Alpha Group in which it hired Alpha Group to conduct a staffed sales promotion event at its dealership. Alpha Group agreed to provide an advertising campaign consisting of direct mail and newspaper inserts in the local area. It also agreed to supply a "team" leader, one or two "professional management personnel," and 10 to 16 additional sales personnel to assist in the promotional event. Cunningham Chrysler agreed to pay the additional sales personnel 30% of the gross profits from the sale of the vehicles. It also agreed to pay Alpha Group a fixed sum to cover the advertising campaign and agreed to pay Alpha Group a commission of up to 28% on the gross profits from all the vehicles sold during the event. Cunningham Chrysler further promised that it would "not offer or attempt to retain or employ, either directly or indirectly, any member of the Team, or any person, firm or entity employed by, contracted to, or formerly employed by or affiliated with The Alpha Group during the term of this Agreement and for a period of one (1) year after termination of this Agreement."

In September 2015, Alpha Group sued Cunningham Chrysler for breaching the April 2014 Advertising Agreement. Alpha Group alleged that, within one year of that agreement,

-1-

Cunningham Chrysler hired two of Alpha Group's personnel: Sean Gulbranson and Nick Wenslow. Alpha Group asked for $200,000 in liquidated damages.

The trial court ultimately granted summary disposition in favor of Alpha Group on its breach of contract claims.[1] It also determined that the clause providing for liquidated damages of $100,000 per breach did not amount to a penalty and was enforceable as a matter of law. As such, it determined that Alpha Group was entitled to $200,000 in damages. The trial court also determined after an evidentiary hearing that Alpha Group was entitled to $105,000 in attorney fees, even though that amount exceeded the contingency fee arrangement that Alpha Group had with its attorneys.

In October 2017, the trial court entered judgment in favor of Alpha Group for $320,899.74 plus taxable costs. Cunningham Chrysler now appeals in this Court.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Cunningham Chrysler first argues that the trial court erred when it granted Alpha Group's motion for summary disposition under MCR 2.116(C)(10). It argues that, because the undisputed evidence showed that Gulbranson and Wenslow were not among the class of persons covered by ¶ 10 of the advertising agreements, the trial court should have denied Alpha Group's motion and dismissed Alpha Group's claims under MCR 2.116(I)(2).

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). This Court also reviews de novo whether the trial court properly interpreted and applied a contract. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

### B. ANALYSIS

When reviewing a trial court's decision on a motion for summary disposition, this Court proceeds in the same way that the trial court was obligated to proceed. See *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). This Court must first determine whether the moving party properly identified "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7-8; 890 NW2d 344 (2016). This Court must then determine whether the moving party properly supported his or her motion with affidavits, depositions, admissions, or other documentary evidence. *Barnard Mfg*, 285 Mich App at 369-

---

[1] Cunningham Chrysler alleged a counterclaim against Alpha Group, but the trial court summarily dismissed the counterclaim. The trial court's order dismissing the counterclaim is not at issue on appeal.

370; MCR 2.116(G)(3)(b).[2] If the moving party does not properly support his or her motion, the nonmoving party has no obligation to respond and the trial court should deny the motion. *Barnard Mfg*, 285 Mich App at 370. If the moving party properly supports the motion, the burden shifts to the party opposing the motion to present evidence demonstrating that there is a genuine issue of disputed fact for trial. *Id.* The court must examine all the substantively admissible evidence proffered by the parties in the light most favorable to the nonmoving party to determine whether the evidence establishes a question of fact. *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999). The trial court should only grant a motion under MCR 2.116(C)(10) when the evidence properly before the trial court shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 120.

In order to establish its breach of contract claim, Alpha Group had to prove that it had a contract with Cunningham Chrysler, that Cunningham Chrysler breached the contract, and that the breach caused Alpha Group to suffer damages. See *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2013). Here, the parties did not dispute that their relationship was governed by valid and binding advertising agreements executed for the three sales events that Alpha Group hosted in 2014. They also did not dispute that each agreement contained a provision, ¶ 10, prohibiting Cunningham Chrysler from engaging in certain activities with persons associated with Alpha Group and that Alpha Group's breach of contract claim involved purported breaches of ¶ 10 by Cunningham Chrysler with regard to Gulbranson and Wenslow. The primary issue before the trial court was whether Gulbranson and Wenslow were in fact members of the class of persons covered by ¶ 10.

The goal of contract interpretation is to ascertain the parties' intent. See *Quality Prod & Concepts, Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). If the contract is unambiguous, it must be enforced as written unless contrary to public policy. *Id.* A contract is ambiguous when its provisions are capable of conflicting interpretations or where two provisions irreconcilably conflict. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003). The meaning of an ambiguous contract is a question of fact that must be decided by the finder of fact. *Id.* at 469.

Paragraph 10 of each advertising agreement provided:

> As to Dealer, The Alpha Group and the Team are Independent Contractors and at no time shall said relationship be deemed that of a Joint Venture, Association or Partnership. Dealer acknowledges that *the Team is exclusive affiliates of The Alpha Group and each member thereof all are specially trained by The Alpha Group* at its great expense and effort and that such training has

---

[2] In reviewing this claim of error, we have limited our analysis to the evidence that was before the trial court when it made its decision on Alpha Group's motion for summary disposition. See *Barnard Mfg*, 285 Mich App at 380-381 (noting that this Court's review is limited to the evidence properly before the trial court on the motion for summary disposition).

significant economic value to The Alpha Group. Dealer shall not offer or attempt to retain or employ, either directly or indirectly, any member of the Team, or any person, firm or entity employed by, contracted to, or formerly employed by or affiliated with The Alpha Group during the term of this Agreement and for a period of one (1) year after termination of this Agreement, without, in each instance, obtaining the prior written permission and consent of The Alpha Group. Upon violation hereof, Dealer agrees to pay The Alpha Group an agency or recruitment fee of One Hundred Thousand Dollars ($100,000.00), such amount representing the reasonable value of *said individual's specialized training* and by potential earnings to The Alpha Group. The Alpha Group agrees to the same guidelines with dealership employees. [Emphasis added.]

To establish a breach of this provision, Alpha Group had to present evidence that, if left unrebutted, showed that Gulbranson and Wenslow were members of Alpha Group's "Team" or were "employed by, contracted to, or formerly employed by or affiliated with" Alpha Group. See *Barnard Mfg*, 285 Mich App at 369-370 (describing the burden of production for the moving party). The advertising agreements did not define the term "Team" and did not define what it meant to be a team member of Alpha Group, despite using the terms team and team member in the agreements.

In reading ¶ 10 of the agreements, it is plain to us that to qualify as a team member of Alpha Group, the individual must have been "specially trained" by Alpha Group. Indeed, the whole purpose of ¶ 10 and the liquidated damages provision was to protect Alpha Group from poaching by Cunningham Chrysler of team members, employees, and contractors affiliated with Alpha Group who received "specialized training" from Alpha Group.

In Alpha Group's motion for summary disposition, it argued that "[a]fter entering into the advertising agreements, Cunningham Chrysler retained two Alpha Group team members, Sean Gulbranson and Nick Wenslow." In its brief, Alpha Group argued that it hired Gulbranson and Wenslow "and trained them to provide services required by the Advertising Agreements," citing in support ¶ 7 of an affidavit by Alpha Group's owner-manager, J.C. Cordero. In his affidavit, however, Cordero simply averred:

> 7.  Cunningham Chrysler has never sought permission from Alpha Group to retain either Sean Gulbranson or Nicholas Wenslow.

> 8.  Alpha Group never consented to Cunningham Chrysler's retaining the services of either Sean Gulbranson or Nicholas Wenslow.

Although Cordero also averred that "[i]t was [his] intention to prevent either party from poaching the staff of the other when entering the [a]greements with Cunningham Chrysler," he did not specifically aver that Gulbranson and Wenslow were employees, contractors, or team members of Alpha Group. And, importantly, there was no averment by Cordero that Gulbranson and Wenslow were trained by Alpha Group, specially or otherwise.

In response to Alpha Group's motion for summary disposition, Cunningham Chrysler contended, in part, that Alpha Group had "not shown that Mr. Wenslow or Sean Gulbranson ever received . . . specialized training[.]" Cunningham Chrysler's response brief referenced a number of exhibits, including two affidavits by Wenslow, but the lower court record contains no attachments to the brief. On the motion for summary disposition, the trial court, ruling from the bench, noted that it "appears to be a 1099 relationship, not a W-2 relationship," with respect to the relationship that had existed between Alpha Group and Gulbranson and Wenslow during the pertinent period. The court believed that the relationship appeared to be an independent-contractor/business-owner relationship and not an employer-employee relationship. And the trial court then stated:

> But it doesn't matter because the record clearly establishes that Mr. Gulbranson and Mr. Wenslow both fall within the definition of Alpha team members. There's some argument that there's an ambiguity there; I don't find it at all. It's patently obvious that they were team members.

After the trial court granted Alpha Group's motion for summary disposition on liability relative to Alpha Group's complaint, Cunningham Chrysler attached exhibits to a response brief in connection with Alpha Group's motion for summary disposition on Cunningham Chrysler's counterclaim, which included affidavits from Wenslow and Gulbranson that were dated well past the date of the earlier motion for summary disposition. In those affidavits, Wenslow and Gulbranson averred that they were experienced contractors and that at no time prior to or during the sales events at Cunningham Chrysler did they receive training from Alpha Group or Cordero. But these affidavits cannot be considered for purposes of the earlier motion for summary disposition.

To the extent that the trial court's ruling determined as a matter of law that Wenslow and Gulbranson had been specially trained by Alpha Group, it was error, neither party having submitted any pertinent and timely documentary evidence on the matter. Again, we construe ¶ 10 of the agreements as requiring Alpha Group to have specially trained Wenslow and Gulbranson in order for Alpha Group to succeed on the breach of contract action. There does not appear to be any dispute that Wenslow and Gulbranson participated in the sales events at Cunningham Chrysler, but that did not automatically make them team members or independent contractors of Alpha Group such that ¶ 10 was implicated; they needed to have been specially trained by Alpha Group.

We reverse the trial court's order granting summary disposition in favor of Alpha Group. And we thus also reverse the award of money damages and attorney fees later imposed against Cunningham Chrysler. On remand, the parties are free to file motions for summary disposition on the issue as we have framed it, or the case can proceed to trial. Given the possibility that liability for breach of contract may not be found on remand, we decline to address the issues pertaining to liquidated damages and attorney fees at this time. Should the trial court again find in favor of Alpha Group, any appeal by Cunningham Chrysler of that ruling can also raise issues concerning damages and attorney fees.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey