*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NIKI KNIGHT,

      Plaintiff-Appellant,

v

BANK OF AMERICA CORPORATION, doing business as BANK OF AMERICA, OAKLAND COUNTY SHERIFF'S OFFICE, TROTT LAW, PC, and METRO DEVELOPERS, LLC,

      Defendants-Appellees,

and

BAC NORTH AMERICA HOLDING COMPANY, NATIONAL BANK HOLDINGS CORPORATION, THOMAS P. RABETTE, JOHN M. ROEHRIG, BANK OF NEW YORK MELLON, and BANK OF NEW YORK,

      Defendants.

UNPUBLISHED
December 12, 2019

No. 344919
Oakland Circuit Court
LC No. 2018-164140-CH

Before: BECKERING, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, proceeding *in propria persona*, appeals as of right the trial court's orders granting summary disposition for defendants pursuant to MCR 2.116(C)(7) (governmental immunity), MCR 2.116(C)(8) (failure to state a claim for relief), and MCR 2.116(C)(10) (no genuine issue of material fact). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In 2006, plaintiff executed a mortgage on residential property in Beverly Hills, Michigan, in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Mila, Inc.,

-1-

doing business as Mortgage Investment Lending Associates, Inc. The mortgage secured a loan in the amount of $322,000. The mortgage was later assigned to Bank of New York Mellon (BONYM). At some point, defendant, Bank of America (BOA), serviced the loan. In 2012, plaintiff filed for Chapter 7 bankruptcy. She included the Beverly Hills premises and the mortgage in her schedules of assets and liabilities, and she received a bankruptcy discharge on June 5, 2012. Thereafter, on September 1, 2012, plaintiff and BOA entered into a loan modification agreement to enable plaintiff to keep her house. Shellpoint Mortgage Servicing succeeded BOA as servicer of the loan. Subsequently, plaintiff defaulted on the modified loan in 2017, and Shellpoint initiated proceedings for foreclosure by advertisement. Defendant, Trott Law, PC, represented Shellpoint in these proceedings.

Trott Law published a notice of sale in the *Oakland County Legal News* for four consecutive weeks. The original sale date was August 22, 2017. However, on that day, defendant Oakland County Sheriff's Office posted a notice of adjournment, announcing that the sale would be held on August 29, 2017. Thereafter, defendant, Metro Developers, LLC, purchased the property at the foreclosure sale, and a sheriff's deed was issued to it.

On March 1, 2018, plaintiff brought this action to set aside the sheriff's deed and reinstate the loan modification agreement. Plaintiff alleged that Trott Law failed to provide proper notice of the adjourned foreclosure sale and that she discovered "extenuating circumstances and irregularities in the proceedings concerning such sale and notice regarding the foreclosure sale." She sought to have the foreclosure sale set aside and to have the opportunity to resume making payments in accordance with the loan modification agreement. Defendants moved for summary disposition. Trott Law argued that its representation of Shellpoint did not give rise to a duty to plaintiff. The Sheriff's Office argued that plaintiff's claims against it were barred by governmental immunity. BOA argued that plaintiff failed to specify any irregularity in the foreclosure proceedings, and further argued that it was not involved in the foreclosure in any event because it no longer serviced the mortgage.

In response, plaintiff filed a motion for leave to amend her complaint, which the trial court denied. Subsequently, the trial court granted defendants' motions for summary disposition.

## II. AMENDMENT OF COMPLAINT

### A. STANDARD OF REVIEW

Plaintiff argues that the trial court abused its discretion by denying her motions to amend her complaint. "The grant or denial of leave to amend pleadings is within the trial court's discretion." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207; 920 NW2d 148 (2018) (quotation marks and citation omitted). A court abuses its discretion if its decision is "outside the range of reasonable and principled outcomes."*Id*. at 208 (quotation marks and citation omitted).

### B. ANALYSIS

"A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading." MCR 2.118(A)(1). Otherwise, "a party

may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." MCR 2.118(A)(2). "[A]mendment is generally a matter of right rather than grace." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006). "[A] motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility." *Id*. "An amendment would be futile if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *Id*. (citations omitted).

In this case, plaintiff's principal allegations in her original complaint consisted of the following:

- Plaintiff filed for Chapter 7 bankruptcy in federal court. On June 5, 2012, plaintiff's debts, including the subject mortgage, were discharged. Plaintiff entered into a loan modification agreement with BOA.

- The foreclosure sale of the premises was noticed for August 22, 2017, but not held until August 29, 2017. Trott Law did not provide proper notice of the subsequent sale date.

- Plaintiff discovered "extenuating circumstances and irregularities in the proceedings concerning such sale and notice regarding the foreclosure sale." She asserted that the foreclosure sale should therefore be set aside and the loan modification agreement reinstated.

Plaintiff's proposed amended pleadings included the following new allegations:

- An unknown person fraudulently applied in plaintiff's name for mortgages on plaintiff's property to secure loans in the amounts of $322,000 and $40,000. Defendants knew that the mortgage applications were fraudulent, or they were reckless with regard to the legitimacy of the mortgages.

- Trott Law and BONYM "induced" plaintiff into an automatic stay to allow for loan modification. Trott Law, BOA, and BONYM took advantage of plaintiff's inferior bargaining power to coerce her into fraudulent mortgage agreements. "Defendant(s)" prevented plaintiff from discovering their violations of the Truth in Lending Act, 15 USC 1601 *et seq.*, by withholding documents or providing misleading documents. "Defendant(s)" also violated 15 USC 1639(h), which prohibits lenders from engaging in a practice of extending credit to consumers without regard to the consumers' ability to repay.

- "Defendant(s)" failed to grant plaintiff's request for mortgage assistance due to financial emergency.

- Trott Law violated "15 US 1962f(6)(A) and 1962f(6)(C)" by giving her notice of foreclosure by advertisement despite it having no interest in the indebtedness. Foreclosure in the name of an agent or nominee is not permitted.

- The notice for August 22, 2017, did not notify plaintiff of the amount due to avoid foreclosure because it did not state the amount currently due. Plaintiff alleged that she might have been able to "cure" the $17,169.32 arrearage on the day of the mortgage sale if she had been given this information.

We address the proposed amendments in turn.

First, plaintiff's proposed amendment sought to add allegations that the mortgage was fraudulently obtained. The trial court found that plaintiff was judicially estopped from advancing such a claim. "Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (quotation marks and citation omitted). In *Spohn*, this Court explained that in the context of bankruptcy proceedings judicial estoppel applies if the reviewing court finds:

> (1) [the plaintiff] assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff's] omission did not result from mistake or inadvertence. In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, [the reviewing] court considers whether: (1) [the plaintiff] lacked knowledge of the factual basis of the undisclosed claims; (2) [the plaintiff] had a motive for concealment; and (3) the evidence indicates an absence of bad faith. In determining whether there was an absence of bad faith, [the reviewing court] will look, in particular, at [the plaintiff's] "attempts" to advise the bankruptcy court of [the plaintiff's] omitted claim. [*Id*. at 480-481, quoting *White v Wyndham Vacation Ownership, Inc*, 617 F3d 472, 478 (CA 6, 2010) (alterations in original).]

Discharge of a debtor's personal liability in bankruptcy does not extinguish a lender's right to pursue an in rem action against property that secured the debt. *Johnson v Home State Bank*, 501 US 78, 80-81; 111 S Ct 2150; 115 L Ed 2d 66 (1991).

In this case, plaintiff declared the mortgage at issue on her bankruptcy schedules. There is nothing in the record to indicate that she challenged the validity of the mortgage or that the bankruptcy court found that the listed mortgage debt was an unsecured loan or that the property was not subject to a valid mortgage. Thus, plaintiff's present claims that the mortgage was fraudulently obtained through either forged documents or through the lender's abuse of her inferior bargaining power are barred by judicial estoppel. Any amendment to include this claim would be futile.

Second, plaintiff's proposed amended complaint also alleged that Deputy Thomas Rabette posted the notice of adjournment in violation of MCL 691.1407(2), and that the Sheriff's Office falsified the redemption date on the sheriff's deed. MCL 691.1407(2) provides immunity from tort liability for governmental agents acting in the scope of their authority whose conduct "does not amount to gross negligence that is the proximate cause of the injury or damage. "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of

concern for whether an injury results." MCL 691.1407(8)(a). Plaintiff's conclusory allegation that Sheriff's Office deputies or employees made errors with regard to information in documents or the time of posting the notice of adjournment do not rise to the level of reckless conduct demonstrating a substantial lack of concern for whether an injury will result. Therefore, any amendment to add these claims against the Sheriff's Office and Deputy Rabette would be futile.

Finally, plaintiff's amended claim that Trott Law caused her injury by mishandling the foreclosure action does not state a valid claim for relief against Trott Law because plaintiff did not allege any attorney-client relationship with Trott Law. "[A]n attorney owes no actionable duty to an adverse party." *Friedman v Dozorc*, 412 Mich 1, 20; 312 NW2d 585 (1981). "[T]he public policy of maintaining a vigorous adversary system outweighs the asserted advantages of finding a duty of due care to an attorney's legal opponent." *Id*. at 25. Further, plaintiff's statutory assertions were without merit. MCL 600.3204(1)(d) requires that "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." The statute does not preclude an owner or servicing agent from acting through legal representation. Plaintiff also alleged that Trott Law violated 15 USC 1962f, but there is no such federal statute. Thus, amending the complaint to add the above claims against Trott Law would be futile.

Because amendment of the complaint was futile, the trial court did not abuse its discretion by denying leave to amend.

### III. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Plaintiff next argues that the trial court erred by granting defendants' motions for summary disposition. Challenges to a court's decision to grant or deny summary disposition are reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

### B. ANALYSIS

Plaintiff argues that Trott Law lacked the authority to foreclose by advertisement because it was not the owner of an interest in the indebtedness secured by the mortgage. The party foreclosing a mortgage must be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." MCL 600.3204(1)(d). Trott Law was not a foreclosing party, but rather the legal representative for Shellpoint, the servicer of the mortgage. Plaintiff does not dispute that Shellpoint was the servicer.

Next, plaintiff asserts that Deputies Rabette and John Roehrig of the Oakland County Sheriff's Office were grossly negligent by failing to verify that all assignments of the mortgage were duly recorded and by failing to verify that Trott Law represented the correct lender. As discussed earlier, plaintiff's conclusory assertion that the deputies should have discovered irregularities in the chain of title does rise to the level of gross negligence under MCL 691.1407(8)(a). Plaintiff also fails to identify any transaction affecting BONYM's or

Shellpoint's right to pursue foreclosure as lender and servicer. Moreover, these allegations were not in plaintiff's complaint.

Plaintiff argues that the mortgage was invalid because she did not sign the agreement. Plaintiff stated that the signature on the mortgage was not her handwriting. Plaintiff also argues, however, that Trott Law, BOA, and BONYM took advantage of her inferior bargaining power to coerce her into executing fraudulent notes and mortgages. She alleges that defendants did not reveal all material terms of the mortgage and notes. These arguments pertain to the validity and enforceability of the mortgage, and are therefore barred by judicial estoppel on the basis of plaintiff's assertions in the prior bankruptcy proceeding. Additionally, these allegations were not in plaintiff's complaint.

Plaintiff asserts that defendants violated the Real Estate Settlement Procedures Act, 12 USC 2601 *et seq.*, and related federal regulations. Plaintiff asserts that defendants violated these statutes with regard to a loss mitigation application she submitted, but she offers no clear description of the alleged violation. Plaintiff also argues that BONYM and Shellpoint cannot enforce the mortgage because BONYM was not the original mortgagee and there is no record chain of title as required by MCL 600.3204(3). However, BOA provided a copy of the assignment with its motion for summary disposition. Plaintiff has not demonstrated any defect in the recorded chain of title affecting BONYM's right to enforce the mortgage.

MCL 600.3212(c) requires that a notice of foreclosure by advertisement state "[t]he amount claimed to be due on the mortgage on the date of the notice." The posted notice stated that the amount "claimed to be due at the date hereof" was $196,162.90. Plaintiff argues that $196,162.90 was "the accelerated amount," in violation of MCL 600.3212(c). To the extent that the figure stated was erroneous, plaintiff does not explain how she was prejudiced by the error.

Plaintiff contends that the notice of adjournment was not timely posted because it was not posted until at 9:50 a.m. on August 22, 2017, the date of the original scheduled sale, in violation of MCL 600.3216. However, MCL 600.3216 states that for a foreclosure by advertisement, the sale "shall be at a public sale, between the hour of 9 o'clock in the forenoon and 4 o'clock in the afternoon . . . . The statute does not address the posting of a notice of adjournment. The latter is governed by MCL 600.3220, which states that a foreclosure sale may be adjourned "by posting a notice of such adjournment before *or at the time of* and at the place where said sale is to be made . . . ." (Emphasis added.) Plaintiff does not dispute that the foreclosure sale was originally scheduled for August 22 and that the notice of adjournment was posted at the place where the sale was to take place. The notice of adjournment document is stamped "Aug 22, 2017, 9:50 A.M." Because MCL 600.3220 allows a notice of adjournment to be posted at the time of a sale, and MCL 600.3216 allowed the sale to be conducted between 9:00 a.m. and 4:00 p.m., there is nothing illegal or improper with posting the notice of adjournment at 9:50 a.m. on the scheduled day of the sale.

In sum, plaintiff's claims against the Sheriff's Office were without merit because she failed to allege facts in avoidance of governmental immunity. Further, plaintiff's pleadings and documentary evidence did not show that Trott Law or BOA breached any duty to her. BOA had no involvement with the mortgage after servicing responsibilities were transferred to Shellpoint. Finally, plaintiff's attacks on the legitimacy of the foreclosure proceedings do not establish any

irregularity or violation. Accordingly, we affirm the trial court's orders granting summary disposition to all defendants.

Affirmed.

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Michael J. Kelly