*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAPLE MANOR REHAB CENTER OF NOVI,
INC., and MAPLE MANOR NEURO CENTER,
INC.,

        Plaintiffs-Appellants,

and

JOSE S. EVANGELISTA III, M.D., PC, LIVONIA
DIAGNOSTIC CENTER, PC, A. PETER
EVANGELISTA, M.D., PC, ADVANCED WOUND
CARE AND HYPERBARIC MEDICINE OF
MICHIGAN, INC., and SHIRLEY SOIFER,

        Plaintiffs,

v

PROGRESSIVE MICHIGAN INSURANCE,
PROGRESSIVE MARATHON INSURANCE
COMPANY, and PROGRESSIVE CASUALTY
INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
March 16, 2023

No. 360172
Oakland Circuit Court
LC No. 2020-180145-NF

Before: MURRAY, P.J., and RIORDAN and YATES, JJ.

PER CURIAM.

In this provider collection action under the no-fault act, MCL 500.3101 *et seq.*, seeking payment of services rendered to nonparty patient Shirley Soifer, plaintiffs Maple Manor Rehab Center of Novi, Inc. (Rehab Center), and Maple Manor Neuro Center, Inc. (Neuro Center) (together, Maple Manor), appeal by leave the order granting summary disposition in favor of the insurer defendants, Progressive Michigan Insurance, Progressive Marathon Insurance Company,

and Progressive Casualty Insurance Company (collectively, Progressive).[1] Because the trial court erred when it concluded that there was no genuine issue of material fact that Neuro Center was the sole provider of services to Soifer, we reverse the trial court's order and remand for further proceedings.

After Soifer received medical services, she provided an assignment to plaintiffs for the collection of unpaid medical bills. Plaintiffs later filed this lawsuit against Progressive, seeking payment of the bills under the no-fault act. Progressive subsequently moved for summary disposition, arguing that Rehab Center neither billed Progressive nor rendered any services to Soifer. It contended that Neuro Center was a wholly separate entity from Rehab Center and was the entity that provided the services to Soifer, but Neuro Center was an unlicensed entity and, therefore, ineligible for compensation under the no-fault act. Progressive contended that Neuro Center submitted all of its charges listing Neuro Center as the "physician or provider" and the "billing provider," with Rehab Center listed only as the "service facility location." In support of its position, Progressive attached a multipage report from Maple Manor containing columns consistent with Progressive's representation, showing Neuro Center as the "Rendering Provider" and Rehab Center as the "Location Name." Progressive also relied on the trial court's decisions to grant Allstate's motion for summary disposition and deny Maple Manor's motion for reconsideration in a similar case, which is also now before us on appeal.[2]

Maple Manor responded, requesting the trial court deny Progressive's motion on the grounds that Progressive lacked standing to challenge the licensure and the trial court lacked jurisdiction to consider a challenge to licensure. Maple Manor further requested the trial court take judicial notice of six other circuit court decisions that had denied the "licensure defense" and noted that multiple unrebutted affidavits had been provided that established that Rehab Center was the rendering medical provider.

The trial court granted summary disposition in favor of Progressive, ruling in relevant part:

> Here, it is undisputed that Maple Manor Rehab and Maple Manor Neuro were operating as a nursing home/adult foster care facility and were therefore required to be licensed under Michigan law. It is also undisputed that Maple Manor Rehab was licensed but Maple Manor Neuro was not. The Court has reviewed the invoices and health insurance claim forms and finds that all relevant services in this matter were performed by Maple Manor Neuro. There is no genuine issue of material fact suggesting that Maple Manor Rehab provided any services to the Claimant. Therefore, summary disposition is appropriate as to Maple Manor Rehab's claims pursuant to MCR 2.116(C)(10).
>
> Additionally, the Court finds that Plaintiffs failed to present a genuine issue of material fact that Maple Manor Neuro was licensed to provide adult foster care

---

[1] *Maple Manor Rehab Ctr of Novi v Progressive Mich Ins*, unpublished order of the Court of Appeals, entered June 15, 2022 (Docket No. 360172).

[2] *Maple Manor Rehab Ctr of Novi v Allstate Ins Co,* (Docket No. 358272).

or nursing care services. In fact, Plaintiffs concede that Maple Manor Neuro is unlicensed. . . .

* * *

The Court finds that there is no genuine issue of material fact that Plaintiff Maple Manor Neuro provided the relevant treatment, but did not possess the required license to render such treatment. Therefore, the treatment was not "lawfully rendered" pursuant to MCL §500.3157.

The trial court subsequently denied plaintiffs' motion for reconsideration, and this appeal followed.

Plaintiffs' challenge is to the trial court's grant of summary disposition to Progressive. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Progressive sought summary disposition under MCR 2.116(C)(10), which tests the factual support for a claim based on the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties. *Coblentz v Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). The evidence is viewed in the light most favorable to the nonmoving party. *Id*. at 567-568. However, this Court's review is limited to the evidence that had been presented to the court at the time the motion was decided. *Barnard*, 285 Mich App at 380-381. Summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

Although there was no dispute that Neuro Center was unlicensed, we hold that the trial court erred by concluding that the evidence established that Neuro Center was Soifer's medical provider. Instead, the record establishes that Maple Manor met its burden in responding to Progressive's motion by submitting evidence that, at a minimum, created a genuine issue of material fact.

Specifically, in support of its motion for summary disposition, Progressive submitted medical records, deposition testimony, invoices, and other evidence in support of the argument that Neuro Center was the medical provider to Soifer, and as an unlicensed entity, could not lawfully seek no-fault benefits for those services. See generally *Healing Place at North Oakland Med Ctr v Allstate Ins Co*, 277 Mich App 51, 57; 744 NW2d 174 (2007).

However, in response to Progressive's contention that Neuro Center was the provider of Soifer's care and treatment, Maple Manor provided an affidavit from Dr. Jose Evangelista, administrator and medical director of Maple Manor. Although the affidavit spoke to the medical records of a different patient, it referenced "the charges submitted by Maple Manor Neuro on behalf of Maple Manor Rehab" and supported Maple Manor's position that Neuro Center was merely the billing agent for Rehab Center. Maple Manor also submitted evidence and rulings from another case from that same county dealing with this issue, *Maple Manor Rehab of Novi v Farm Bureau Ins Co*, Oakland Circuit Court (Docket No. 2017-162575-NF), which ultimately resulted in a ruling in Maple Manor's favor.

Maple Manor also provided an affidavit from Sheryl Villarosa-Missaoui, the HR director for Rehab Center, where Villarosa averred that Rehab Center employed approximately 230 employees that provide the direct care and treatment of its patients, Neuro Center had no employees or payroll to process, and Neuro Center "cannot and does not provide any direct care or direct treatment to patients."

In light of this record, we hold that although Progressive met its initial burden by providing evidence to support its argument that Neuro Center was the rendering provider, the record reveals that Maple Manor did not "rest upon the mere allegations or denials," but by affidavits and other evidence "set forth specific facts showing that," at a minimum, "there [wa]s a genuine issue as to any material fact" on the issue. MCR 2.116(G)(4); see also *Barnard*, 285 Mich App at 377. As recounted above, the parties created a record that contains conflicting evidence on the dispositive issue, and therefore, at a minimum, there was a genuine issue of material fact regarding whether Neuro Center or Rehab Center provided medical services to Soifer.

Reversed and remanded for further proceedings. As the prevailing parties, plaintiffs may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ Christopher P. Yates