*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN UNEMPLOYMENT INSURANCE AGENCY,

Plaintiff-Appellee,

v

PREMIER STAFF SERVICES INC,

Defendant-Appellant.

UNPUBLISHED
January 17, 2025
10:02 AM

No. 368768
Wayne Circuit Court
LC No. 22-001254-CZ

Before: GADOLA, C.J., and RICK and MARIANI, JJ.

PER CURIAM.

Defendant, Premier Staff Services Inc., appeals by right the trial court's order granting summary disposition in favor of plaintiff, Michigan Unemployment Insurance Agency (the UIA), pursuant to MCR 2.116(C)(10). We affirm.

Defendant, as an employer, is responsible for paying unemployment insurance taxes, or "contributions," under the Michigan Employment Security Act (MESA), MCL 421.1, *et seq.* According to the UIA, defendant failed to pay unemployment taxes for the quarters ending March 31, 2016 through December 31, 2017; March 31, 2019; June 30, 2019; December 31, 2019; September 30, 2020; December 31, 2020; June 30, 2021; and September 30, 2021.

The UIA filed a complaint against defendant in Wayne County Circuit Court and moved for summary disposition under MCR 2.116(C)(9) and (C)(10), arguing in pertinent part that, under MESA, it was entitled to unpaid taxes as well as statutory penalties, damages, and interest. In the motion, the UIA explained that defendant's tax liability was calculated by applying the employment tax rate to the quarterly wage information supplied by defendant, in accordance with MESA, and that the penalties, damages, and interest were calculated in accordance with the relevant provisions of MESA. In support of its motion, the UIA produced a Statement of Account

-1-

and Bill of Particulars (SOA/BOP),[1] which outlined the amounts owed by defendant and contained an affidavit from a UIA agent, who averred that the amounts set forth in the bill of particulars were true and correct.

In response, defendant argued that it did not owe any unpaid taxes and produced a report (the CPA report) prepared by a Certified Public Accountant (the CPA). The CPA report contained a letter from the CPA which stated, in pertinent part, that there were discrepancies "between taxable gross wages, excess wages, taxable wages, UIA rate, obligation assessment, and amount paid by [defendant] and UIA records" and that defendant had paid the UIA over $900,000. The CPA report also contained several reports and tables which purportedly demonstrated the alleged discrepancies.

The UIA replied, arguing that the CPA report failed to create a genuine issue of material fact as to whether defendant owed unpaid taxes. The UIA agreed that defendant paid over $900,000 in taxes in its lifetime but explained that, while defendant "paid its unemployment tax towards *some* quarters," there was still an "outstanding debt for the quarters alleged in [the UIA's] Complaint and [SOA/BOP]." After the UIA filed its reply brief, defendant moved for leave to file as a supplemental exhibit a second letter from the CPA "that attempted to further clarify" defendant's position that there was a genuine issue of material fact as to defendant's tax liability.

The trial court granted the UIA's motion pursuant to MCR 2.116(C)(10). At the motion hearing, the court explained that the UIA had set forth how defendant's tax liability was calculated and had produced documents which supported its calculation. In contrast, the trial court explained, the CPA report produced by defendant was not an affidavit and was not specific. Defendant merely attached "page after page of quarterly tax reports without informing the Court which specific page shows a discrepancy." The trial court later entered a written order granting the UIA's motion for summary disposition "for the reasons stated from the bench."

Defendant then moved for reconsideration, submitting with its motion an additional "summary" from the CPA which purported to explain the alleged discrepancies between the parties' documents in greater detail along with supporting documents. The summary also included what appears to be the signature page of an affidavit from the CPA. Defendant argued that reconsideration was warranted because the trial court did not have the opportunity to consider the CPA's affidavit and additional exhibits. Defendant also argued that the affirmative defense of laches was applicable because the UIA unreasonably waited to file its complaint to the detriment of defendant's ability to obtain relevant bank statements. The trial court denied the motion because defendant presented "nothing that the Court did not previously consider when ruling on [the UIA's] motion for summary disposition" and because any new arguments raised in the motion "should have been raised at the time of the original motion hearing." This appeal followed.

---

[1] The UIA filed the SOA/BOP as an exhibit attached to its complaint and later filed an updated SOA/BOP, which reflected additional interest that had accrued, as an exhibit to its motion for summary disposition.

This Court reviews the grant or denial of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] *Cantina Enterprises II Inc v Prop-Owners Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363105); slip op at 3-4. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Green v Pontiac Pub Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 7. The court reviewing the motion "considers the parties' documentary evidence in the light most favorable to the party opposing the motion." *Cantina Enterprises*, ___ Mich App at ___; slip op at 4. In deciding a motion for summary disposition, the court need only consider the evidence identified by the parties. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009). This Court's review of a summary disposition ruling is limited to the evidence presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

On appeal, defendant argues that the trial court erred by granting summary disposition in favor of the UIA because there is a question of fact as to whether defendant is liable for unpaid taxes. We disagree.[3]

Defendant argues on appeal, as it did below, that the alleged discrepancies in the CPA report demonstrate the existence of a fact question. But defendant fails to explain, and we are unable to discern from the CPA report itself, where the alleged discrepancies lie. The CPA report, as the trial court explained, contains vague and unspecific conclusions along with "page after page" of supporting documentation purportedly used to reach the conclusions. But the report, like defendant's briefing below and on appeal, lacks any meaningful explanation regarding how the documents produced support the conclusions made by the CPA. Instead, defendant leaves it to this Court, just as it did with the trial court, to search the documents in order to discover and rationalize the basis for the CPA's conclusions. This is insufficient to demonstrate a genuine issue of material fact as to defendant's tax liability. See *Barnard*, 285 Mich App at 380-381 (explaining that "this Court's review is limited to review of the evidence properly presented to the trial court" and "the trial court was not obligated under MCR 2.116(G)(5) to scour the record to determine whether there exists a genuine issue of fact to preclude summary disposition," but rather the nonmoving party "had the obligation to set forth specific facts showing that there is a genuine issue for trial") (quotation marks and citations omitted); *In re Contempt of Henry*, 282 Mich App 656, 670; 765 NW2d 44 (2009) ("It is not sufficient for a party simply to announce a position or assert

---

[2] While the UIA moved for summary disposition pursuant to MCR 2.116(C)(9) and (C)(10), the trial court granted the motion pursuant to MCR 2.116(C)(10) only.

[3] The UIA also argues that defendant is prohibited from collaterally attacking the amount of unpaid taxes, penalties, damages, and interest owed because defendant failed to timely protest the applicable tax rate determinations and assessments of taxes. Because, like the trial court, we find that defendant has failed to demonstrate a genuine issue of material fact regarding its tax liability, we decline to reach this additional argument.

an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted).  Because defendant failed to adequately set forth specific facts demonstrating a genuine issue of material fact as to its unpaid tax liability, the trial court correctly granted summary disposition in favor of the UIA.[4]

We see no merit in defendant's remaining arguments.  Defendant argues that it does not owe statutory penalties, damages, or interest because it does not owe any unpaid taxes.  This argument, however, necessarily fails as a result of our conclusion that defendant failed to demonstrate a genuine issue of material fact regarding whether it owed unpaid taxes.  Defendant also challenges the trial court's order denying its motion for reconsideration.  "This Court reviews a trial court's decision to grant or deny a motion for reconsideration for an abuse of discretion.*" Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019).  We find no abuse of discretion in the denial of a motion for reconsideration that, like the one at issue here, rested on legal theories and documentary support which could have been argued or presented prior to the trial court's original order.  *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008).

Affirmed.


/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Philip P. Mariani

---

[4] Defendant notes in its appellate brief that "it was crucial" that the trial court had the opportunity to review the additional CPA report filed as a supplemental exhibit.  The trial court did not rule on defendant's motion for leave to file its supplemental exhibit.  Nonetheless, we find that this additional CPA report suffered from the same deficiencies as the original CPA report filed by defendant in response to the motion for summary disposition.  Namely, the report lacks the explanation necessary to demonstrate that the documents produced support the conclusions stated by the CPA.  Consideration of the supplemental exhibit does not alter our conclusion that defendant failed to demonstrate a genuine issue of material fact.