*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID ASHEN,

Plaintiff-Appellant,

v

JOSEPH ASHEN,

Defendant-Appellee.

UNPUBLISHED
October 15, 2025
1:56 PM

No. 373424
Van Buren Circuit Court
LC No. 2023-073253-CZ

Before: RICK, P.J., and MALDONADO and KOROBKIN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendant under MCR 2.116(C)(10). We affirm.

## I. FACTUAL BACKGROUND

This action arises from a dispute over ownership of a parcel of property located at 260 Webster Avenue in South Haven, Michigan. Plaintiff, David Ashen, and defendant, Joe Ashen, are brothers. Defendant is the owner of the property. In August 2023, plaintiff filed a complaint to quiet title to the property under the doctrine of adverse possession. Plaintiff argued that he was entitled to the property because he had "continually possessed, . [sic] improved land openly and notoriously, ran a painting company out of said land . . . lived and worked at the property . . . . for over 40 years . . . ." Plaintiff asked that title to the property be quieted in his favor because he "has met the Qualifications stipulated in the Michigan Statutes and under the Appellate Court's voiced stipulation that intent is what is required under Michigan Adverse Possession." Plaintiff thereafter filed a motion to amend his complaint, along with a copy of the amended complaint.[1] In the amended complaint, plaintiff argued again that he lived and worked on the property for more than 15 years. He further stated that defendant lived in California and had abandoned the property.

---

[1] Plaintiff titled the document "Alternative Complaint," although functionally, it is an amended complaint.

In October 2024, defendant filed a motion for summary disposition under MCR 2.116(C)(10). In a brief in support of the motion, defendant explained that in 1990, family members challenged his claim to the property, resulting in a 1999 judgment granting him ownership. Defendant stated that he permitted plaintiff to store painting supplies on the property after plaintiff's eviction from a warehouse in 2022. Defendant further stated that plaintiff subsequently filled the property with junk and debris, leading to a city blight enforcement action. This breakdown in relations between the brothers led to the instant lawsuit.

Defendant contended that plaintiff had no right, title, or interest to the property, and that his presence on the property was permissive, rather than adverse or hostile. Defendant maintained that he had continuous access to the property while plaintiff was using it and that plaintiff never prevented him from entering the land. Defendant further noted that plaintiff could not have used the property continuously, pointing out that there is no home or shelter on the property for plaintiff to live in. Defendant claimed that, because the doctrine of adverse possession requires "continuous, uninterrupted possession for 15 years by actual, visual, open, notorious, exclusive, and hostile possession under a claim of right," plaintiff could not establish entitlement to the land. Defendant thus asked the trial court to grant his motion for summary disposition and dismiss plaintiff's claim.

Plaintiff responded that genuine issues of material fact existed for trial, pointing to evidence that he lived on the property in an airstream trailer and had a mailbox where he received mail. Plaintiff claimed ownership of the property based on this evidence. He likewise alleged that defendant illegally bulldozed his property to hide evidence of his residence on the land. Plaintiff also argued that defendant did not legally own the property because it was not properly deeded to him.

At a hearing on the motion, defendant argued that plaintiff was lying about living on the property for more than the 15-year period necessary to bring a viable claim for adverse possession, stating that the property did not have any utility hookups and that there was no home or dwelling in which plaintiff could live. Plaintiff responded that he had lived on the property for 30 years and that defendant could not claim ownership of the land because it was never properly deeded to defendant. Plaintiff again reiterated that defendant had removed plaintiff's personal property from the land and was lying about key facts pertaining to plaintiff's adverse-possession claim. The trial court stated that it would take the matter under advisement and issue a ruling at a later date. In November 2024, the trial court entered an order granting defendant's motion for summary disposition. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition, which he claims was not properly supported by evidence. We disagree.[2]

---

[2] Plaintiff's statement of the issue presented on appeal does not match the statement of the issue presented in the body of his appellate brief. In the statement of the issues presented, plaintiff first

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In addressing a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. The motion "may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

Plaintiff appears before this Court as a self-represented litigant. Reading the amended appellate brief with a measure of lenience, plaintiff appears to contend that the trial court erred by granting summary disposition to defendant because defendant presented a single affidavit in support of his motion, while plaintiff presented "multitudes of evidence" to show that a genuine issue of material fact existed regarding his adverse-possession claim. In support of this argument, defendant cites MCR 2.116(G)(4), which states:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

Put differently, "[a] litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10). The court rule plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999).

---

asks, "Did the Trial Court err in denying Plaintiff Appellant right [sic] to a trial by motion of summary judgement [sic] to defendant appellee." In the body of the brief, plaintiff asks, "Did the Trial Court err in granting defendant summary disposition, when no corroborating affidavits witnesses or evidence exists [sic]?"

Generally, if an issue is presented in the statement of issues, but is not substantively addressed in the body of the brief, it is considered abandoned. See *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008) ("A party abandons a claim when it fails to make a meaningful argument in support of its position."). We thus consider plaintiff's argument pertaining to his right to a trial abandoned for failure to substantively brief it. However, we recognize that plaintiff is a self-represented litigant. To the extent possible, we will address plaintiff's argument regarding the alleged lack of corroborating evidence presented in support of defendant's motion for summary disposition. See *Estelle v Gamble*, 429 US 97, 106-108; 97 S Ct 285; 50 L Ed 2d 251 (1976) (stating that self-represented litigants are generally entitled to more lenity in construing their pleadings than lawyers).

Defendant actually presented three exhibits in support of the motion for summary disposition. The exhibits include emails from defendant to plaintiff, indicating that defendant knew plaintiff was occupying the land in 2016. In one of the emails, dated August 14, 2016, defendant asked plaintiff to clean up the mess on the property and indicated that city officials suggested that plaintiff could build a fence on the property to "satisfy the issues with the cities [sic] codes." Defendant further wrote:

> Now I have a couple of requirements concerning your use of my property and building a fence. First it is imperative that if you build a fence (you may not need to if you haul away a considerable amount of the materials) that a gate is constructed to drive through where my driveway goes to the trailer I have been letting you use for storage. Also room has to be left so a vehicle can be driven onto my property and parked via the side road that leads to the trailer. This is very important. Currently you have a barrier at the property line not allowing me to park on my property. You are aware that we can drive over the neighbors [sic] property via the easement but cannot park on the easement. Therefore it is very important to have parking available where the easement enters my property.

Also included was a series of photographs depicting the property, which verified that the land was blighted and uninhabitable. The photographs show junk and debris littering the ground, old cars, one small open-air utility trailer, and various dilapidated wood structures. Finally, defendant submitted his own affidavit, in which he averred that, in essence, he owned the property and permitted plaintiff to use it. Thus, plaintiff misconstrues the record by contending that defendant's motion for summary disposition was granted on the strength of a single affidavit.

Plaintiff nevertheless argues that summary disposition was improper because he met his burden, as the adverse party, to present evidence showing a genuine issue for trial. *Maiden*, 461 Mich at 120. Plaintiff is correct that, although the moving party bears the initial burden to support its position with evidence, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). However, merely meeting the burden to proffer evidence in opposition to a motion for summary disposition does not automatically guarantee that the motion will be denied and that the matter will proceed to trial. Instead, if "the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120.

As attachments to his response to the motion for summary disposition, plaintiff presented the following evidence: property deeds describing the transfer of the property to defendant; an affidavit from defendant indicating that he purchased the property in 1976; an invoice for fence building materials; two photographs of the property; a sworn affidavit from Virgil Graham, a neighbor; and a sworn affidavit from plaintiff.[3] Through this evidence, plaintiff was required to

---

[3] Plaintiff additionally submitted approximately 140 pages of documentary evidence to the trial court on September 30, 2024. Much of the evidence is duplicative of the evidence attached to plaintiff's response to the motion for summary disposition. We note that, while the trial court was

establish that a question of material fact existed regarding whether he was entitled to possession of defendant's land under the doctrine of adverse possession.

On the subject of adverse possession, this Court has explained:

A claim of adverse possession requires clear and cogent proof that possession has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period of fifteen years. These are not arbitrary requirements, but the logical consequence of someone claiming by adverse possession having the burden of proving that the statute of limitations has expired. To claim by adverse possession, one must show that the property owner of record has had a cause of action for recovery of the land for more than the statutory period. A cause of action does not accrue until the property owner of record has been disseised of the land. Disseisin occurs when the true owner is deprived of possession or displaced by someone exercising the powers and privileges of ownership. [*Houston v Mint Group, LLC*, 335 Mich App 545, 558; 968 NW2d 9 (2021) (citation omitted).]

"The term 'hostile' as employed in the law of adverse possession is a term of art and does not imply ill will; rather, hostile use is that which is inconsistent with the right of the owner, *without permission asked or given*, and which would entitle the owner to a cause of action against the intruder." *Id*. (quotation marks and citation omitted; emphasis added).

Plaintiff's evidence fails to establish the essential elements of adverse possession, particularly the hostile nature of possession required under Michigan law. Of particular significance is the affidavit from Virgil Graham. In the affidavit, Graham states that plaintiff had been living on the property for 30 years. Graham averred that, "[Defendant] in my experience never stepped on [plaintiff]'s fenced in area, he did have access to the land east of [plaintiff] but I only [saw] him off [plaintiff]'s place when they talked." While the affidavit states that defendant did not step foot on the property, it is evident from the context provided by Graham that defendant knew plaintiff was living on the land. This is corroborated by the emails presented by defendant suggesting that he was aware that plaintiff was using the property in 2016. Graham's affidavit, when considered along with the rest of the evidence submitted to the court, directly undermines the hostile possession requirement and creates a presumption that defendant permitted plaintiff to occupy the land. *Houston*, 335 Mich App at 558.

Plaintiff's remaining evidence likewise fails to demonstrate a question of fact regarding the ownership of the property. The deeds to the property and defendant's affidavit entirely

---

required to consider all evidence submitted by the parties—including discovery materials previously filed or made part of the record—the court was *not* required to search the record for materials not specifically referenced and relied upon in defendant's response to the motion. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009) (holding that the trial court is not required to independently "scour the lower court record in search of a basis for denying the moving party's motion").

contradict plaintiff's own argument by confirming defendant's legal right to the property. Moreover, plaintiff's affidavit only reiterates his contention that defendant did not properly inherit the property. This claim is not supported by the aforementioned property deeds, which indicate that defendant was deeded the property in 1976 and was declared the fee simple owner of the property in an order to quiet title entered in 1999.

The two photographs showing debris on the land and the invoice for building materials also provide little support for plaintiff's claim. They do not establish actual, exclusive, or continuous possession for the statutory fifteen-year period, or show that plaintiff was "exercising the powers and privileges of ownership" sufficient to dispossess the true owner. *Canjar v Cole*, 283 Mich App 723, 731; 770 NW2d 449 (2009). Without meeting the essential elements of the doctrine of adverse possession, plaintiff cannot establish that a genuine issue of material fact existed regarding his entitlement to defendant's property. Accordingly, the trial court did not err by granting summary disposition to defendant in this matter.

Affirmed.

/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado
/s/ Daniel S. Korobkin