*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONNY TARFARI WALKER,

      Plaintiff-Appellant,

v

CITIZENS UNITED RECIPROCAL EXCHANGE,

      Defendant-Appellee,

and

ROBYN LEANNE-JACQUELETT CHATMAN,

      Defendant.

UNPUBLISHED
May 11, 2026
1:38 PM

No. 374570
Wayne Circuit Court
LC No. 23-012445-NI

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Plaintiff, Donny Walker, appeals as of right the trial court order granting summary disposition to defendant-appellee, Citizens United Reciprocal Exchange (CURE), under MCR 2.116(C)(10). For the reasons stated in this opinion, we affirm the trial court's determination that there was no genuine issue of material fact under MCR 2.116(C)(10), but remand for the court to balance the equities as to whether rescission is the proper remedy in this case.

## I. BASIC FACTS

This case arises from a motor-vehicle crash that occurred on December 1, 2022. At the time of the crash, Walker was driving northbound in the right-hand lane on Van Dyke Street in Detroit. Defendant, Robyn Chatman, was also traveling northbound on the same road, but she was in the left-hand lane.[1] As they approached an intersection, Chatman crashed into Walker's vehicle

---

[1] The trial court entered a stipulated order dismissing with prejudice Walker's claims against Chatman.

while she was attempting to turn right from the left-hand lane. Walker testified that he sustained injuries as a result of the collision.

Walker sought personal protection insurance (PIP) benefits from CURE, his no-fault insurer. CURE, however, determined that Walker had made material misrepresentations on his application for no-fault insurance and that, as a consequence, it voided his policy "from the date of inception August 20, 2022." Walker responded by filing suit against CURE, seeking payment of PIP benefits.

After discovery, CURE moved for summary disposition, arguing that Walker had failed to disclose on his application (1) that Patrice Vinson and her son resided in his household and (2) that he was using his vehicle to deliver food for Grubhub. In response, Walker argued that, because unrelated residents of his household were not entitled to PIP benefits under the policy, any misrepresentation related to them was not material. He further asserted that it was his "recollection" that he had disclosed the identity of Vinson and her son to CURE and that the agent must have "excused" them from the application because they were not afforded coverage under the policy. Walker added that he was not employed by Grubhub at the time that he filled out his application for insurance.

At oral argument on the motion, the trial court found that there "might be" a question of fact as to whether Walker had made a material misrepresentation when he stated on his application that he was not using the vehicle for food delivery. Nevertheless, the court determined that Walker had made a material misrepresentation when he failed to disclose that Vinson and her son were members of his household at the time that he applied for insurance. Consequently, the court entered an order finding that rescission of the policy was proper and that, as a result, summary disposition was warranted under MCR 2.116(C)(10). This appeal follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Walker argues that the trial court erred by granting CURE summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). We must also determine whether the trial court abused its discretion in granting the equitable remedy of rescission. *Sherman v Progressive Mich Ins Co*, ___ Mich ___, ___; ___ NW3d (2026) (Docket No. 167826); slip op at 9-10. "[W]hen rescission is requested through a motion brought under MCR 2.116(C)(1), the appellate court must consider the facts in the light most favorable to the nonmoving party and first determine, de novo, that there is no genuine issue of material fact." *Id*. at ___; slip op at 11-12. Thereafter, the court must consider "whether the trial court abused its discretion" in granting or denying rescission as the proper remedy. *Id*. at ___; slip op at 13.

### B. ANALYSIS

"[I]n order to justify rescission of PIP coverage with respect to preprocurement misrepresentations, the insurer must be able to demonstrate *common-law* fraud under equitable principles." *Howard v LM Ins Co*, 345 Mich App 166, 173; 5 NW3d 46 (2023). "[R]escission is justified without regard to the intentional nature of the misrepresentation as long as it is relied upon

by the insurer and is material." *Sherman*, ___ Mich at ___; slip op at 11 (quotation marks and citation omitted).

CURE maintains that Walker falsely represented that he was not using the insured vehicle for commercial purposes, including the delivery of food. In support of that contention, it submitted a copy of Walker's application for insurance and his deposition, both of which support CURE's position. First, in the application for insurance, Walker was asked to disclose his occupation, he wrote that it was "unemployment" and certified that his answer was "true and accurate." He was also asked whether his vehicle "is . . . used for commercial purposes, including . . . in the business or pickup or delivery of . . . food, or any other products." He answered, "No," and again certified that his answer was "true and accurate." Second, at his deposition, the following questions were asked:

> *Q.* Okay. Now, *at the time you submitted this application*, aside from using the vehicle for personal use, were you using it for any other use such as driving for Grubhub, Uber, anything like that?
>
> *A.* Yes, I had used it for Grubhub.
>
> *Q.* How long have you been driving for Grubhub *prior to the accident or prior to the application*?
>
> *A.* Grubhub, for a few months.
>
> *Q.* Do you remember when you started?
>
> *A.* No.
>
> *Q.* And when you would drive for Grubhub, did you only use the [insured vehicle]?
>
> *A.* Yes.
>
> *Q.* Do you remember ever informing CURE that you were using the [insured vehicle] to drive for Grubhub at all?
>
> *A.* Inform CURE? No. [Emphasis added.]

Considering the application and Walker's deposition testimony together, the record reflects that CURE came forward with sufficient documentary evidence to support its contention that Walker did not disclose his use of the insured vehicle for commercial purposes and that, at the time of procurement, he was using the insured vehicle for commercial purposes. See *Barnard Mfg*, 285 Mich App at 369 (stating that a party moving for summary disposition must support the motion with enough detail to put the opposing party on notice of the need to respond and that the motion must be supported by documentary evidence supporting the grounds for summary disposition that are asserted).

A properly supported motion for summary disposition shifts the burden to the opposing party to establish that a genuine issue of disputed fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). In doing so, the nonmoving party cannot rely on mere allegations or denials, but must instead, "by affidavits or as otherwise provided in [MCR 2.116], set forth specific facts showing that there is a genuine issue for trial." *Barnard Mfg*, 285 Mich App at 374 (quotation marks and citations omitted). Here, in his response to the summary disposition motion, Walker stated that he "began employment at Grubhub" at "some point" between when the policy was procured and when the motor-vehicle crash occurred. However, he did not submit any evidentiary support for that assertion. As such, his deposition testimony that he was working for Grubhub at the time that he filed the application for insurance is unrefuted. Likewise, it is undisputed that he did not disclose his commercial use of the vehicle on his application for insurance. No genuine issue of material fact, therefore, exists in relation to the fact that he had made a false representation on his application for insurance related to his use of the insured vehicle.

Furthermore, CURE came forward with documentary evidence showing that the misrepresentation was material. "A misrepresentation is material if the insurer would have rejected the risk or charged an increased premium and would not have issued the same contract had it been given the correct information." *Sherman v Progressive Mich Ins Co*, ___ Mich ___, ___; ___ NW3d (2026) (Docket No. 167826); slip op at 10. Here, in an affidavit, an underwriting investigator averred that, if Walker had disclosed his use of the vehicle for commercial purposes, CURE would not have "issued the specific" insurance policy that was issued. The affidavit is sufficient to establish materiality. The same affidavit shows that CURE had relied upon Walker's misrepresentation because it would not have issued the existing policy if the misrepresentation had not been made.

Walker asserts that the affidavit should not have been considered because it was not properly submitted. Walker notes that CURE's motion for summary disposition included an affidavit from an underwriting investigator that was not signed, dated, or notarized. Unsworn, unsigned affidavits are not properly considered in support of a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013). However, the motion indicated that a signed and sworn affidavit would be submitted when available. Such an affidavit was then submitted approximately one week before the hearing on the motion. The court considered that signed and sworn affidavit when deciding the motion.

A trial court has discretion to consider affidavits that are filed late. *Prussing v Gen Motors Corp*, 403 Mich 366, 369-370; 269 NW2d 181 (1978). If the decision to admit a late affidavit falls outside the range of reasonable and principled outcomes, then the decision is an abuse of discretion. See *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Here, Walker argues that admission of the late affidavit amounted to an abuse of discretion because the trial court relied upon the information in the affidavit when making its decision. Walker also contends that because the affidavit was "filed so late" his lawyer was unable to depose the affiant or obtain any information to refute the information contained within the affidavit. Yet, the initial motion for summary disposition indicated that a sworn and signed affidavit would be submitted. Further, the information included in the later-submitted affidavit was substantially identical to the information in the unsworn and unsigned affidavit. Walker did not move to depose the affiant in either affidavit. Thus, contrary to Walker's suggestion that he was prejudiced by the late filing,

the record does not support his position. Instead, the unsigned and unsworn affidavit put him on notice of the intent to use the affidavit as well as the substance of the affidavit. Under such circumstances, the court's decision to consider the affidavit was within the range of reasonable and principled outcomes.

In sum, there was no genuine issue of material fact that Walker had made misrepresentations related to his use of the vehicle for commercial purposes and that CURE would have issued him a different policy if it had known the correct information. Although the trial court did not rely upon the misrepresentations related to the vehicle's use in reaching its decision, the matter was fully briefed. We may affirm the trial court's decision if it "reached the right result, albeit for the wrong reason." See *Morosini v Citizens Ins Co of Am*, 224 Mich App 70, 86; 568 NW2d 346 (1997)."[2]

The trial court, however, failed to consider whether rescission was the proper remedy. See *Sherman*, ___ Mich at ___; slip op at 12-13 (noting that if a court finds that there is no genuine issue of material fact regarding whether the insurer made a material misrepresentation in the application and that the insurer relied upon that representation, then the trial court, sitting in equity, should next determine whether rescission is the proper remedy). Remand for such a balancing of the equities is, therefore, required. See *id*. at 13-14 (noting that remand for a balancing of the

---

[2] Given our resolution, we need not address whether rescission of the policy was also warranted on the grounds that Walker failed to disclose that Vinson and her son, neither of whom are related to Walker, were residing with Walker at the time that he applied for insurance. Nevertheless, we question whether the representation—regardless of its truth or falsity—could be "material" given that the insurance application and the insurance policy expressly stated that no PIP benefits would be afforded under the policy to non-relative residents of the insured's household. That is, notwithstanding that Vinson and her son were not disclosed on the application as residents of Walker's household, their presence had no effect on the coverage that could be available under the policy because they were expressly excluded from PIP coverage. That fact is confirmed by the underwriting investigator's affidavit stating that the premium was calculated based upon Walker's representation that he was the only driver, that it was garaged at the policy address, and that "no other *resident relatives* resided at the Policy address."

Moreover, we note that the underwriting investigator averred that no policy would have been issued if CURE had known (1) that Vinson had a suspended license and (2) that she was residing with Walker. There is nothing in the record indicating that the application required Walker to disclose whether any non-relative residents had their driving privileges suspended. Thus, considering that the underwriting adjuster averred that no policy would have been issued if two circumstances existed and considering that Walker only made a misrepresentation related to one of those circumstances, we conclude that the affidavit is not sufficient to establish that no policy or a different policy would have been issued in the absence of Walker's misrepresentation. That is, the materiality of the misrepresentation cannot be found based upon the existing record. As such, to the extent that the court found rescission was warranted based upon the misrepresentations related to Vinson and her son, the record does not support the court's determination.

equities is appropriate in cases where the trial court failed to balance the equities in the first instance).

Affirmed but remanded for additional proceedings consistent with this opinion. We do not retain jurisdiction. CURE may tax costs as the prevailing party. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman